AARON HINES, Plaintiff in Error, *v.* ELIZABETH AMENT, Defendant in Error.

1. *Practice, Civil — Actions — Replevin — Property placed on another's land by mistake.*—Where a person placed his fence upon another's land by mistake, and it remained there by the consent of the owner of the land for fifteen years, at the end of which time the latter requested its removal, and shortly afterward carried it away himself without the permission of the former : *held,* that an action for replevin of the fence was properly brought.
2. *Contract—Fixtures—Permission to occupy land of another, effect of.*—A building or other fixture which is ordinarily a part of the realty is held to be personal property when placed on the land of another by contract or consent of the owner ; and it need not be a trade fixture.
3. *Contract — Land — Permission to occupy, equivalent to what.*—The permission to occupy land for a series of years with certain property, and the direction to remove it, are equivalent to an original agreement to place it there.   It is not to be confounded with the principle that a fixture placed upon land by a trespasser becomes a part of the realty.

*Error to Fifth District Court.*

*Strong & Chandler,* for plaintiff in error.

I. The evidence on the part of plaintiff and defendant shows that plaintiff had title to the fence and land upon which it stood—having had adverse, exclusive, and uninterrupted possession thereof for seventeen years, and all the time claiming the same.   If this proposition is true, defendant was a trespasser in taking the rails, and acquired no title.   ( R. C. 1855, ch. 191, § 1 ; 22 N. Y. 170 ; 1 A. K. Marsh. 460 ; 6 B. Monr. 463 ; 5 Pick. 131 ; 3 Met. 91 ; 11 Moss, 293.)

II. Replevin can be maintained for property severed and taken

from the freehold. (13 Ill. 192; 15 B. Monr. 479; 1 Will. on Torts, 476, §16.)

III. Even admitting that the land upon which the fence stood originally belonged to defendant, yet if she, as the evidence shows, permitted defendant to acquire title thereto, by the statute of limitations she is estopped from claiming the land and rails.

IV. If the land over which the fence was built belonged to defendant or her ancestor, was entered upon by plaintiff or his ancestor, and was fenced by plaintiff or his ancestor, and claimed as plaintiff's property for ten years or more, this act ousted defendant's possession and disseized her. (3 Met. 91, 102; 7 Wheat. 60; 5 Pet. 445; 4 Mas. 326; 3 Washb. Real. Prop., 3d ed., p. 142, §43.)

V. If the fence was erected on defendant's land by mistake, and without the knowledge or consent of defendant, and was allowed to remain on defendant's land after the survey of 1851, with her knowledge, and plaintiff was allowed to use and claim the same as his own property, the fence remained plaintiff's property. (39 Maine, 519.) In such case the fence was not a fixture. (Greenl. Cr. 46.) Defendant shows by her evidence that she considered plaintiff the owner of the fence by giving him written notice to move it; and by giving this notice she is estopped from claiming the fence as her property.

*Woodson*, *Vinyard*, and *Young*, for defendant in error.

Bliss, Judge, delivered the opinion of the court.

The plaintiff replevied a lot of rails taken from his fence by the defendant, and, she not giving security, he retains the possession. The case was submitted to the judge in the Buchanan Circuit Court without a jury. Various declarations of law were asked by plaintiff and refused, and the court found for the defendant, and assessed as her damage the value of the rails.

It appears that the farms of plaintiff and defendant joined; that defendant's land next to plaintiff's was vacant, while the plaintiff's had been inclosed and occupied for about fifteen years. In 1851 the former owners of defendant's land procured a survey

of the farm, and the dividing line ran some six feet upon plaintiff's inclosure, leaving his fence upon the land of defendant. The plaintiff moved in a part of his fence, but left most of it standing, to which no objection was made until 1864, when defendant notified him to move his fence, and shortly after hauled the rails to her house and piled them up. All the testimony is sent up, and we have the whole case before us.

The District Court affirmed the judgment of the Circuit Court. This is erroneous. It is unnecessary to give any opinion upon the declaration of law asked upon the questions of adverse possession and the right of the plaintiff to all the land within his inclosure. The fence was placed upon the defendant's land originally by mistake, and remained there by her consent. It belonged to the plaintiff, and she acknowledged his right to the rails when she terminated the license by requesting their removal. The plaintiff in no sense was a trespasser, and appears to have acted in good faith throughout. He was never requested to move his fence until 1864, though he did remove a part of it, and would doubtless have moved the rest after the notice, if, from some cause, there had not been undue haste on her part. A building or other fixture which is ordinarily a part of the realty is held to be personal property when placed on the land of another by contract or by consent of the owner. (1 Greenl. Cr. 46; Russell v. Richards, 10 Maine, 429; Asher v. Williams, 8 Pick. 402.) It need not be a trade fixture. If such fixture be placed upon another's land by mistake as to the line, the owner may surely give his subsequent consent and agree that it may be removed. The permission to occupy for a series of years and direction to remove the property should be held equivalent to an original agreement to place it there. It is not to be confounded with the principle that a fixture placed upon land by a trespasser becomes a part of the realty. (See Fuller v. Taylor, 39 Maine, 519.)

As no actual damages were proved, and plaintiff has the property, the Circuit Court should have rendered judgment against defendant for costs and nominal damages. The judgment of the District Court is reversed, and such judgment is entered in this court. The other judges concur.