CHARLES GOODMAN *et al.*, Respondents, *v.* HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

45b 33
152 425
45    33
Case 2
169  1 37

1. *Land and land titles — Leases — Fixtures — Removal of, agreement concerning.* — Where a building is erected by one person on the land of another by his permission, upon an agreement or understanding that it may be removed at the pleasure of the builder, it does not become a part of the real estate, but continues to be a personal chattel and the property of the person who erected it.

2. *Landlord and tenant — Injunction — Chattels, removal of.* — Where the landlord, before the expiration of the term, enjoins the tenant from removing the chattels or fixtures, the tenant will be allowed a reasonable time after the dissolution of the injunction within which to demand and remove the same.

*Appeal from Sixth District Court.*

This was a suit against the Hannibal & St. Joseph Railroad Company to recover possession of a lot in the town of Shelbina, in Shelby county, Missouri. Defendant's answer admitted plaintiff's ownership of the lot and title to the possession, but alleged that the railroad company was owner of a certain building standing on the premises, and held and occupied it by the permission and license of one John L. Lathrop, plaintiff's grantor, and that plaintiff purchased the lot with full knowledge of defendant's rights to the house. The company claimed to hold the premises as tenant at will and to have a lawful right to remove the house before delivering possession of the lot to the plaintiff. The case went up on demurrer. For facts pertinent to the issues decided, see also the opinion of the court.

*Carr*, for appellant, cited Dame v. Dame, 38 N. H. 429, and the authorities there cited; Desloge *et al.* v. Pierce *et al.*, 38 Mo. 588; Fisher v. Dean, 26 Mo. 116; Bircher v. Parker, 40 Mo. 118; Renick v. Kern, 14 Serg. & R. 267; Wells v. Banister, 4 Mass. 514; Osgood v. Howard, 6 Greenl. 452; First Parish in Sutbery v. Jones *et al.*, 8 Cush. 190; Gen. Stat. 1865, chap. 189, § 13; Ridgeley v. Stillwell, 25 Mo. 570, and 28 Mo. 400; Doty v. Gorham, 5 Pick. 487; Murray v. Armstrong, 17 Mo. 209.

*Shafer & York*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

The case was decided in the court below on demurrer to the defendant's answer. There was no error in sustaining the demurrer, but if the answer is true, the house is a simple personal chattel, and the defendant is clearly entitled to remove it. It is well settled that where a building is erected by one man upon the land of another, by his permission, upon an agreement or understanding that it may be removed at the pleasure of the builder, it does not become a part of the real estate, but continues to be a personal chattel, and the property of the person

who erected it. (Dame v. Dame, 38 N. H. 429 ; Van Ness v. Packard, 2 Pet. 137 ; Taylor on Land. and Ten. § 546.)

And where the landlord, before the expiration of the term, enjoins the tenant from removing the chattel or fixtures, the tenant will be allowed a reasonable time after the dissolution of the injunction within which to demand and remove the same. (Bircher v. Parker, 40 Mo. 118.)

Defendant admits that the title to the lot is vested in plaintiffs, and that they are entitled to the possession thereof. The answer therefore constituted no defense against acquiring the possession, but that would not operate as an impairment of the right of the defendant to remove the building within a reasonable time. For aught that appears the fixtures would have been removed before the dispossession of the defendant, had no restraint been used.

Judgment affirmed. The other judges concur.