## WILLIAM SCHUMACHER, Respondent, *v.* CITY OF ST. LOUIS, Appellant.

### February 6, 1877.

1. Under section 1, article 12, of the Charter of the city of St. Louis, the city is liable for damages sustained by owners of real estate upon which permanent buildings have been erected, by any change of the grade of any street upon which the real estate fronts. By ordinance the grade of a street was changed, by which plaintiff's property was damaged. *Held*, that the change was within the corporate powers of the city, made by authority of officers having charge of that department, and impliedly ratified by the corporate authorities; hence valid, and the city was liable.

2. Where a change of grade has been made, by which the plaintiff's property was damaged, to entitle him to recover it is not necessary that the work of grading shall have been completed. It is enough if he has been injured by the work done.

3. Under section 3, article 3, of the City Charter, in order to give validity to a special ordinance which is in conflict with a general ordinance, the general ordinance must be first repealed. But the rule does not apply where both ordinances are special. A special ordinance may, by implication, be repealed by the effect of a subsequent special ordinance in conflict with it.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*E. T. Farish,* for appellant, cited: Dill. on Mun. Corp., secs. 543, 767; Gurno *v.* City of St. Louis, 12 Mo. 414; Schappner *v.* City of Kansas, 53 Mo. 162.

*R. E. Rombauer,* for respondent, cited: Dill. on Mun. Corp., secs. 766, 769, 770, and cases cited; Pekin *v.* Newell, 26 Ill. 330; Thayes *v.* City of Boston, 19 Pick. 511, 515, 516; City of St. Louis *v.* Sanguinet, 49 Mo. 581.

LEWIS, P. J., delivered the opinion of the court.

By ordinance No. 2884, approved August 18, 1852, the corporate authorities of the city of St. Louis established the grade of Victor Street between Menard and Rosatti. In 1870 the plaintiff, owning a lot fronting on Victor Street, in the locality mentioned, built a brick house thereon at a cost of $6,000. He had ascertained the grade from an assistant engineer of the city, and so constructed the building that the first floor would be considerably above the level of the street, and the basement would not be subject to drainage from the surrounding ground. Afterwards, by ordinance No. 8068, approved July 11, 1872, the city declared a new grade at the point indicated, several feet higher than the former one, and caused the street and adjacent alley to be filled up with earth, so that the basement of plaintiff's building was much below the level of the street. The earth now rose higher than the stone foundation, the walls became damp, and the water, at times, flowed into the basement. Plaintiff instituted this suit for the injuries so caused, and obtained judgment for $1,250.

Upon general principles, no liability attaches to a municipal corporation for losses resulting from a change of grade in the streets. But by section 1, article 12, of the Charter of St. Louis it is provided that "the city shall be liable for damages sustained by the owners of real estate upon which permanent buildings shall have been erected, by any change of the grade of any street upon which such real estate shall front." It is here contended for the city, however, that ordinance No. 8068 was invalid, and, therefore, the corporation could not be held liable on account of any grading done under it.

If the act from which injury results be wholly beyond the scope of powers conferred on the municipal corporation, the latter cannot be held responsible in damages. But if it be within the scope of such powers, and be authorized by the municipal officers invested with jurisdiction to act upon the subject to which the particular act relates, or be after-

wards even impliedly ratified by the corporation, a liability will attach in like manner as if the act had been done by an individual. *Thayer* v. *City of Boston*, 19 Pick. 511. A mere technical departure from the mode in which the powers are directed to be exercised will in no such case discharge the corporation. *City of Pekin* v. *Newell*, 26 Ill. 320. The grading of the street in front of plaintiff's property was within the corporate powers of the city. It was done by authority of the officers having in charge that department of municipal service, and the whole testimony taken together conclusively shows that the act was, impliedly at least, ratified by the corporate authorities. Even if the ordinance had lacked some technical element of validity, there was an attempt by the proper officers to execute a charter power, which is sufficient for the purposes of this case, according to the authorities above cited. This answers the objection that the power bestowed on the Council was " to establish a general plan for the location and graduation of streets within the city," whereas the ordinance in question was for the establishing of grades within certain boundaries only. But the objection vanishes, perhaps, more effectually on reference to section 9, article 8, of the Charter, by which " in all cases where the mayor and City Council shall deem it necessary,     *     *     *     the City Council shall, by ordinance," cause to be done the grading, paving, or macadamizing of any street, avenue, or alley, or any specified portion of either.

It is provided by section 3, article 3, of the City Charter that no special or general ordinance which is in conflict or inconsistent with a general ordinance of prior date shall be valid or effectual until such prior ordinance, or the conflicting parts thereof, are repealed by express terms." Ordinance No. 8068, under which the grading complained of was done, does not, " by express terms," repeal ordinance No. 2884, which established the first grade. Hence it is argued for the city that the later ordinance was invalid. But the charter provision referred to effects no such result

in this instance. Ordinance No. 2884 was a special ordinance, and, therefore, not within the meaning of the provision. It was repealed by implication, in the effect of ordinance No. 8068.

The last point made by the city is that the grading was never completed to the height directed by ordinance No. 8068, and, therefore, the grading which effected the injury was not a grading under the ordinance. That is, since the city did not wrong the plaintiff to the full extent that was possible, it is not to be chargeable for any injury done within that limit. Whether the raising of the street, as authorized, was ever completed or not, it is certain that the work, however partial or incomplete, was done under authority of the ordinance. If the first shovelful of earth had inflicted the injury complained of, it would have been as effectual to render the city liable as the whole work would be if no wrong ensued until its completion.

The action of the court below, in giving and refusing instructions, was in conformity with the views here expressed. The judgment is affirmed. Judge BAKEWELL concurs; Judge HAYDEN not sitting.