UNION CENTRAL LIFE INSURANCE COMPANY, Appellant, v. TILLERY.

### Division Two, November 28, 1899.

1. **Land**: BUILDINGS PASS BY SALE: VENDOR AND VENDEE. At common law, land includes all buildings of a permanent nature standing thereon, and as between vendor and vendee, without notice that they belong to some other person, they pass with the land.

2. ———: ———: LESSOR AND LESSEE. But where there is a contract, between lessor and lessee, that the tenant may erect upon the land certain buildings at his own expense with privilege of moving them at any time during the lease, such buildings, as between the landlord and tenant, do not become a part of the land, but continue to be the personal chattels of the tenant and may be removed by him during the continuance of the lease.

3. ———: ———: PURCHASER WITHOUT NOTICE: MORTGAGE: INJUNCTION. But if the land is sold without notice to the purchaser that the lessee has erected certain buildings thereon, the buildings pass with the land to the purchaser. · So that if the tenant agreed with the landlord that certain buildings erected by him were to be removed in case of a foreclosure of a deed of trust, and said contract was not recorded, and the foreclosure was without any notice to the purchaser of the existence of the contract, the buildings erected by the tenant passed to the purchaser of the land, and he can restrain · by injunction, the removal of the same by him.

*Appeal from Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED (*with directions*).

Moore & Williams for appellant.

(1) It is an elementary principle of common law that land includes all buildings standing thereon. That whatever is affixed to the soil is thereby made a part of it, and passes by the grant of the. land without other designation. Havens v. Ins. Co., 123 Mo. 419; Bouvier Law Dict, title, Land; 2 Bl. Com. 18; 2 Wash. Real Prop. (2 Ed.), 665. (2) Buildings erected by a tenant on leased land under an agreement with the owner that the tenant shall have the privilege to remove the same during the term, continue personal property as between the landlord and tenant, and might be enforced as to a purchaser or grantee having full knowledge of the agreement. Priestley v. Johnson, 67 Mo. 632. (3) As to mortgagees the buildings erected on the land inure to the benefit of the mortgagee, whether erected prior or subsequent to the giving of the mortgage. Havens v. Ins. Co., 123 Mo. 419; Curry v. Schmidt, 54 Mo. 515; Thomas v. Davis, 76 Mo. 72; Bank v. Kercheval, 65 Mo. 682; Davis v. Dugan, 56 Mo. App. 311. (4) Defendant's remedy under his agreement with Burke, is against the latter, for the value of the buildings and not against defendant who is a stranger. Neiswanger v. Squier, 73 Mo. 199. (5) On the pleadings and evidence in this case, this court should decree a perpetual injunction without remanding. Carroll v. Campbell, 25, Mo. App. 630.

Wood & Wood for respondent.

(1) The house was built under contract, with the privilege of removal. It did not become part of the realty, but was the personal property of defendant, and he had a right to remove it at the termination of the lease or within a reasonable time thereafter. Tiedeman on Real Property, (2 Ed.), sec. 2; Lowenberg v. Bernd, 47 Mo. 297; Goodman v. Railroad, 45 Mo. 34; Priestley v. Johnson, 67 Mo. 632; Finley v. St. Louis, 39 Mo. 177; Neiswanger v. Squier, 73 Mo. 198;

Hines v. Ament, 43 Mo. 298.   (2)  It is not necessary that plaintiff should have actual knowledge.   The knowledge of any fact that would put an ordinarily prudent man upon inquiry is sufficient.   Ecker v. Hatcher, 58 Mo. 235.   (3) Plaintiff's agents and attorneys had notice that defendant was occupying the house and that he had built it.   This was sufficient to put them upon inquiry.   Notice to the agent or attorney is notice to the principal.   Bispham, Eq. Jur. (4 Ed.), p. 337; 2 Pomeroy's, Eq. Jur. (2 Ed.), sec. 666; 1 Story, Eq. Jur. (7 Ed.), sec. 408; Landis v. Brandt, 10 How. 375.   (4) The land had been conveyed to plaintiff and the debt extinguished before the sale by the sheriff and no title passed thereby.   The sale itself was absolutely void.   Pease v. Pilot Knob Iron Co., 49 Mo. 124.

BURGESS, J.—This is an action for injunctive relief, the object being to restrain the removal by defendant of a dwelling house, stable, shed, and corn-crib from a certain tract of land in Moniteau county of which plaintiff was the owner.

A temporary injunction was granted by the judge of the circuit court of that county, but which after answer filed by defendant in which he alleged that he had the right to remove the buildings under his contract with Burke, under whom he held possession, was dissolved, and the petition dismissed.   Plaintiff appeals.

Plaintiff acquired title to the land upon which the buildings were situated under the foreclosure sale of a deed of trust, executed on the fifteenth day of September, 1892, by one Edmund Burke and wife, upon that and other lands, and by a quitclaim deed from said Burke to it, executed on the fifteenth day of January, 1896, the same day upon which the sheriff who sold the land to plaintiff under the foreclosure sale executed to plaintiff a deed for the land under that sale.

The quitclaim deed from Burke to plaintiff, contains the following:  "And the said Edmund Burke hereby promises

and agrees to deliver full and absolute possession of all the above described real estate on the first day of March, 1896, to the party of the second part."

On December 8, 1894, defendant was a tenant of Edmund Burke and in the occupancy of the land upon which the buildings in question were erected, and on that day entered into a written contract with him by the terms of which he was to erect the buildings in° question thereon, and to have the privilege of removing the same from the land under the terms and conditions of the contract. The contract provides as follows: "If at any time said Burke should desire that I discontinue to occupy said four acres, I am to receive three hundred and sixty days notice in order to require me to surrender the possession thereof. But being aware of the fact that said land has been conveyed by deed of trust to J. R. Clark for the benefit of the Union Central-Life Insurance Company of Cincinnati, Ohio, it is distinctly understood that if at any time said Burke should be required by any agreement made by him with said insurance company to surrender said land to said insurance company then I am to abide by said agreement that said Burke may make with said insurance company, and at any date Burke may agree to surrender said premises to said insurance company, or that said Burke may be compelled to surrender the same, then my lease of said premises shall cease, and on or before the date of said agreement to surrender I agree to surrender the premises so leased to said Burke without notice, and I hereby accept the possession of said premises with that understanding."

The contract between Burke and defendant was not recorded, and plaintiff knew nothing of it until it was introduced in evidence at the trial of this case. Defendant erected the buildings at his own expense. The evidence showed that he had moved the dwelling house at the time the injunction was granted, and was about to remove the other buildings.

At common law land includes all buildings of a perma-

nent nature standing thereon, and as between vendor and vendee without notice that they belong to some other person they pass with the land, but as between lessor and lessee, when there is a contract between the landlord and tenant, as in this case, by which it is agreed, that the tenant may erect buildings at his own expense with the privilege of moving them at any time during his lease, then they do not as between the landlord and his tenant become a part of the land and may be moved off the leased premises by the tenant during the continuance of the lease, as they continue to be personal chattels, and the property of the person who builds them. [Goodman v. Railroad, 45 Mo. 33; Lowenberg v. Bernd, 47 Mo. 297; Hines v. Ament, 43 Mo. 298; Priestley v. Johnson, 67 Mo. 632.]

The buildings in controversy were erected upon the land before plaintiff became the purchaser of it under the foreclosure sale, and while defendant had the unquestionable right as between himself and his landlord Burke to remove them from the land within the time prescribed by the contract between them, in the absence of notice by plaintiff of the contract at the time of its purchase of the land upon which the buildings stood, they passed to plaintiff as being part of the realty. Thus in Curry v. Schmidt, 54 Mo. loc. cit. 517, it is said: "So if a mortgagor erects improvements or attaches fixtures to the mortgaged premises, they become the property of the mortgagee for the payment of his debt. [Butler v. Page, 7 Met. 40.] And, if at the time of a sale under a deed of trust, the fixtures are attached, they pass by the sale, and, if removed after the sale and before a deed is made, replevin will lie by the purchaser." [Citing, Sands v. Pfeiffer, 10 Cal. 258; Cohen v. Kyler, 27 Mo. 122.]

So in the case at bar, as plaintiff had no notice of the contract between defendant and Burke, at the time it acquired title to the land upon which the buildings were, defendant occupied no more advantageous position towards plain-

tiff with respect to said buildings than Burke did, and, as he could not have removed said buildings without the permission of plaintiff, it logically follows that defendant could not do so.

For these considerations, the judgment will be reversed with directions to the court below, to enter up judgment perpetuating the injunction. GANTT, P. J., concurs; SHERWOOD, J., absent.