THE STATE ex rel. CROW, Attorney-General, Appellant,
v. CITY OF ST. LOUIS et al.

Division One, May 21, 1902.

1. **Municipal Revenue:** PAYING FOR WATERWORKS CONSTRUCTED BY PRIVATE CITIZENS. The city of St. Louis has power by appropriate ordinance to appropriate to its own use water mains laid in a public street by private citizens at their own expense, with the consent of the city and under the supervision of the street commissioner, at a time when the city was short of money, and to pay for such property out of its revenue and make it a part of its own waterworks system.

2. ———: ———: ORDINANCE CONCERNING CONSTRUCTION CONTRACT. Such ordinance, regarded as a contract, is not for any public work or improvement or repairs to be done or made in pursuance thereof, but is simply a contract for the present purchase of existing property; and, hence, such appropriation is not controlled by the inhibition of the charter provisions concerning the construction of public works or repairs thereto.

3. ———: APPROPRIATION: PRESUMPTION OF LEGALITY. In the absence of any showing to the contrary, it will be presumed that an ordinance, passed by the municipal assembly and approved by the mayor, was passed in the manner required by the charter.

4. **Ordinance:** SUFFICIENCY OF TITLE. An ordinance entitled "An ordinance for the relief" of certain private persons who have, with the consent of the city and under its supervision, laid certain water mains, which the city by the ordinance proposes to buy and pay for, and setting out the reasons therefor in a preamble, contains but one subject, which is fairly expressed in its title, which is a fair index of the subject-matter of the ordinance.

5. ———: GROUNDS OF INVALIDITY: APPELLATE PRACTICE. The appellate court will consider, on appeal, only those grounds of the invalidity of an ordinance alleged in the trial court.

State ex rel. v. City of St. Louis.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Herman A. Haeussler* and *Charles S. Reber* for appellant.

(1) The ordinance in controversy is a relief ordinance, and as such is beyond the powers of the assembly. Sec. 30, art. 3, Charter of St. Louis; sec. 47, art. 4, Constitution; sec. 3, art. 10, Constitution; Hitchcock v. St. Louis, 49 Mo. 484; Campbell v. St. Louis, 71 Mo. 106. (2) Construed as defendant contends, it is void because in such case its subject is not even mentioned, much less clearly expressed, in its title. Sec. 13, art. 3, Charter of St. Louis; State ex rel. v. St. Louis, 161 Mo. 371. (3) (a) Thus construed, it is void because the assembly of said city has no power directly to contract for the purchase of water-pipe. Sec. 27, art. 6, Charter of St. Louis. (b) The water commissioner of St. Louis is the only officer of that city who can lawfully contract for such work. Sec. 3, art. 7, Charter of St. Louis; sec. 5, art. 7, Charter of St. Louis.

*B. Schnurmacher* and *Kehr & Tittmann* for respondents.

(1) The objection that the title of the ordinance is defective, not having been made in the court below, can not be urged here. R. S. 1899, sec. 864; Tomlinson v. Ellison, 104 Mo. 105; Walker v. Owen, 79 Mo. 563. Nor is the objection well founded. State ex rel. v. Mead, 71 Mo. 266; Murphy v. Lynch, 119 Mo. 163. (2) The constitutional provisions referred to by the appellant have no application whatever to the case. (3) The water-pipe in Flad avenue having been laid by permission and consent of the city, remained the property of the parties who had it laid. Hynes v. Ament, 43 Mo. 300; Goodman v. Railroad, 45 Mo. 33; Lowenberg v. Bernd,

47 Mo. 297; Brown v. Turner, 113 Mo. 32.   (4) The ordinance in question is valid.   It is within the express powers given the city by the charter.   Charter, sec. 1, art. 1; Charter, sec. 26, art. 3; Charter, arts. 6 and 7.   (5) The city having power and being charged with the duty to establish waterworks and furnish water to its citizens, it necessarily has power to lay or acquire all water-pipe it may need to carry out that purpose. Water Co. v. Aurora, 129 Mo. 540; St. Louis v. Armstrong, 56 Mo. 298; Bluffton v. Studaker, 106 Ind. 129; City v. Schoenbusch, 95 Mo. 618; State ex rel. v. Walbridge, 119 Mo. 392; Waterworks Co. v. Webb City, 78 Mo. App. 422; 1 Dillon on Mun. Corp. (4 Ed.), secs. 89 and 143; City of Bridgeport v. Railroad, 15 Conn. 475; Allen v. Taunton, 19 Pick. 485; Inh. of Livingston v. Pippen, 31 Ala. 542; Mayor of Rome v. Cabot, 28 Ga. 50; Green v. City of Cape May, 41 N. J. L. 45; City of Crawfordsville v. Braden, 130 Ind. 149. (6) Appellant misapprehends the meaning and effect of section 30, article 3, of the charter, and section 27, article 6, has no application to the case whatever.

BRACE, P. J.—This is a suit in equity by the Attorney-General to restrain the treasurer of the city of St. Louis from paying out of the treasury of said city the sum of one thousand and fifty dollars, pursuant to an ordinance of said city adopted on April 28, 1896, which ordinance is as follows:

*"An ordinance for the relief of C. W. Rutledge, F. W. Mott, William C. Uhre, Al. Wenzlich, J. G. Zimmerer and F. Louis Soldan.*

"Whereas, C. W. Rutledge, F. W. Mott, William C. Uhre, Al. Wenzlich, J. G. Zimmerer and F. Louis Soldan did lay, under the inspection of the water department, a six-inch cast-iron water-pipe, with necessary valves and appurtenances, on Flad avenue, from Grand avenue to Vandeventer avenue, in advance of the extension of the water-pipe system; and

Vol 169 mo—3

"Whereas, said pipe now forms a necessary part of the waterworks distribution system,

"Therefore, be it ordained by the municipal assembly of the city of St. Louis, as follows:

"Sec. 1. The auditor is hereby authorized and directed to draw his warrant on the city treasurer for the sum of $1,050 in favor of C. W. Rutledge, F. W. Mott, William C. Uhre, Al. Wenzlich, J. G. Zimmerer and F. Louis Soldan, and take their receipt in full for any and all claims against the city on account of water-pipe on Flad avenue from Grand avenue to Vandeventer, which pipe thereupon shall become the property of the city and a part of the distribution system of the waterworks. Said amount to be charged to appropriation for the relief of C. W. Rutledge, F. W. Mott, Wm. C. Uhre, Al. Wenzlich, J. G. Zimmerer and F. Louis Soldan.

"Sec. 2. There is hereby appropriated and set apart out of the municipal-pipe fund, for the relief of C. W. Rutledge, F. W. Mott, William C. Uhre, Al. Wenzlich, J. G. Zimmerer and F. Louis Soldan, the sum of $1,050.

"Sec. 3. There is hereby appropriated and set apart out of the waterworks revenue to water-pipe fund the sum of $1,050."

On the ground "that said ordinance is repugnant to section 27 of article 6 and section 30 of article 3 of the charter of said city, and to the Constitution of the State of Missouri."

The facts of the case are substantially as follows:

"In November, 1894, the owners of property abutting Flad avenue, which is a street running westwardly from Grand avenue, were in need of water from the city waterworks. The city had a water-pipe in Grand avenue, but none in Flad avenue; and as the revenues of the water department were then being expended in the construction and enlargement of its works, it was not at the time prepared to lay a water-pipe in Flad avenue, but Mr. Holman, the water commissioner, representing the city, gave consent and permission to

the property-owners to lay in Flad avenue from Grand avenue to Vandeventer, at their own expense, a six-inch cast-iron water-pipe conforming to the specifications and to be laid under the supervision and inspection of the water department, 'the understanding being,' as Mr. Holman says, 'that the city was under no obligation to pay for this pipe, but that when a sufficient number of houses existed on that street, the department would prepare and present to the municipal assembly an ordinance for the refunding of the cost of the pipe laid.' "

Under the permission and consent thus given, the property-owners laid the pipe under the supervision of the department. Mr. Ben C. Adkins, the first-assistant engineer of the city waterworks, had charge of the matter. He furnished the city's specifications for the pipe, inspected it at the foundry, gave the necessary instructions for, and supervised the laying of it. The pipe as laid conforms in all respects to the city's system of pipes for the distribution of water. Immediately upon its completion, the city connected it with its main in Grand avenue, and has ever since been using the Flad avenue pipe and deriving revenue from it.

In April, 1896, conditions justified the city in so extending its water-pipe system as to include Flad avenue from Grand avenue to Vandeventer avenue, and to take over the pipe which belonged to the parties who laid it. Thereupon the water commissioner prepared the ordinance in question, which was forwarded to the municipal assembly through the board of public improvements, and was passed by the assembly, and approved by the mayor. Shortly thereafter, the petition upon which this suit is founded was filed in the name of the then Attorney-General, and a temporary injunction was granted. The defendants appeared and answered, and after a hearing upon the merits the court dissolved the temporary injunction and dismissed the bill. Thereupon the plaintiff, after an unsuccessful motion for a new trial, appealed to the Supreme Court.

Section 27, article 6, of the charter is as follows: "The assembly shall have no power directly to contract for any public work or improvement, or repairs thereof, contemplated by this charter, or to fix the price or rate therefor; but the board of public improvements shall, in all cases, except in case of necessary repairs requiring prompt attention, prepare and submit to the assembly estimates of costs of any proposed work, and under the direction of the ordinance, shall advertise for bids, as provided for purchases by the commissioner of supplies, and let out said work by contract to the lowest responsible bidder, subject to the approval of the council. Any other mode of letting out work shall be held as illegal and void. . . ."

Section 30, article 3, of the charter is as follows: "The assembly shall not have power to relieve any citizen from the payment of any lawful tax, or to exempt him from any burden imposed upon him by law, or ordain the payment of any demand not authorized and audited according to law, nor shall the assembly have power to ordain or authorize the compromise of any disputed demand, or any allowance therefor or therein, except as provided in the contract therefor, or the payment of any damages claimed for alleged injuries to person or property, except by ordinance and adopted by a vote of two-thirds of the members of each house taken by yeas and nays."

The provisions of the State Constitution invoked by appellant to support his contention are section 47, article 4, which provides that the General Assembly shall have no power to authorize any city to lend its credit, or to grant public money or thing of value in aid of or to any individual association or corporation; and section 3, article 10, which provides that taxes may be levied and collected for public purposes only.

(1)   Upon these constitutional provisions and upon section 30, article 3, of the charter, counsel for appellant predicate the proposition that the municipal assembly had no power

to render financial assistance by the gift of public funds to any one, and in support thereof cite Hitchcock v. St. Louis, 49 Mo. 484, and Campbell v. St. Louis, 71 Mo. 106.    The proposition is correct beyond question.    But it has no application to the facts of this case.    The water-pipe and its appurtenances mentioned in the ordinance was laid in Flad avenue with the consent of the city, by the citizens named in the ordinance, and as appears from the evidence was of the value of $2,000 *in situ*.    It was the property of those citizens.    [Brown v. Turner, 113 Mo. 27; Lowenberg v. Bernd, 47 Mo. 297; Goodman v. Railroad, 45 Mo. 33; Hines v. Ament, 43 Mo. 298.]    By the ordinance this property is appropriated by the city to its own use in its waterworks system, and payment therefor in the sum of $1,050 is provided for.    It makes no *donation*, but *payment* for property which belonged to these citizens and which the city wanted for its own use.    And as the petition alleges that the ordinance was passed by the assembly and approved by the mayor, in the absence of any showing to the contrary, it must be assumed to have been passed in the manner required by section 30, article 3.    It is not seen wherein it is repugnant to that section of the charter, or to either of the constitutional provisions aforesaid.

(2)    Nor does this ordinance fall within the inhibitions of section 27, article 6, of the charter, as to contracts for any proposed public work or improvement or repairs to be thereafter done or made in pursuance of such contracts.    This ordinance, regarded as a contract, is not for any public work or improvement or repairs to be done or made in pursuance thereof, but is simply a contract for the present purchase of existent property which the city needed as a part of its waterworks plant, and however dependent its power to make such a purchase in this manner may be on other provisions of the charter, it is not within the inhibitions of this section.

(3)    The ordinance contained but one subject which was well enough expressed in its title, which was a fair index of

the subject–matter of the ordinance. [Lynch v. Murphy, 119 Mo. 163; State ex rel. v. Miller, 100 Mo. 439; City of Hannibal v. County of Marion, 69 Mo. 571; Cooley on Con. Lim. (6 Ed.), p. 172, sec. 2.]

(4) We have been favored with learned and able arguments by counsel pro and con, as to the power of the municipal assembly to purchase property in this manner under the provisions of other sections of the charter. But as in the case made by the record, the only grounds upon which the plaintiff based its claim to have the ordinance declared void in the court below was its alleged repugnancy to the State Constitution, to section 27 of article 6, and section 30, article 3, of the charter, and as we can only review the case made by the record, we refrain from entering into that discussion, and having failed to find the ordinance repugnant as alleged to these constitutional and charter provisions, it follows that the judgment of the circuit court ought to be affirmed and it is so ordered.

All concur, except *Marshall, J.,* not sitting.