QUINN, Appellant, v. SCHNEIDER et al., Respondents.

St. Louis Court of Appeals, April 10, 1906.

1. **MUNICIPAL CORPORATIONS: Trespass: Injunction.** A municipal corporation is not liable in damages for trespass committed by its officers, and in an action to enjoin the commission of a trespass by the officers of a city, the city is not a proper party.

2. ———: ———: ———. In an action to enjoin a city and its officers from the commission of trespass upon the plaintiff's property, where the petition alleged that the officer, in pursuance of an order of the city, was about to construct a highway across the premises, it must be presumed that the order was in pursuance of the powers of the city and valid, and the petition, failing to negative the presumption, by proper allegations showing the order was invalid. did not state a cause of action entitling the plaintiff to equitable relief.

Appeal from Butler Circuit Court.—*Hon. J. C. Shepard,* Judge.

AFFIRMED.

*L. R. Thomason* and *J. G. Wear* for appellant.

The only question presented in this cause is the action of the trial court in sustaining defendants' demurrer and the dismissing of plaintiff's bill. No principle of law is better settled than that by a demurrer to a petition, all material facts alleged therein for the purpose of the demurrer are admitted as being true. Dodson v. Lomax, 113 Mo. 555, 21 S. W. 25; Verdin v. City of St. Louis, 131 Mo. 26, 33 S. W. 480, 36 S. W. 52. The remedy by injunction shall exist when irreparable injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be af-

forded by an action for damages. R. S. Mo. 1899, sec. 3649. The granting of relief by injunction is not controlled by arbitrary or technical rules, but addresses itself to the sound discussion of the court. Robins v. Latham, 134 Mo. 466, 36 S. W. 33; Towne v. Bowers, 81 Mo. 491; Turner v. Stewart, 78 Mo. 480; Bank v. Kercheval, 65 Mo. 682.

*Phillips & Phillips* for respondent.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiff states that the defendant, the city of Poplar Bluff, is a municipal corporation in the State of Missouri, organized and existing under and by virtue of the laws of the State as a city of the third class. That the defendant J. R. Schneider is an officer of said city of Poplar Bluff, holding and exercising the powers and duties of his said office as street commissioner of said city.

"Plaintiff states that he is the owner and in possession, in fee simple, of lot number seventy-four, in block number seventy-four of the original town, or city, of Poplar Bluff. That on, to wit, the fifteenth day of July, 1904, the defendant J. R. Schneider, under color and by virtue of his said office, and in pursuance of the orders and directions of his co-defendant, the city of Poplar Bluff, unlawfully and wrongfully entered upon the premises of plaintiff hereinabove described, and did unlawfully and wrongfully commence to dig excavate and construct a permanent embankment on said premises, for the purpose of constructing and maintaining a public highway thereon, and ditches across said premises, and that the said J. R. Schneider, and the said city of Poplar Bluff are threatening to continue to dig, excavate and construct said embankment and to dig said ditches on the premises of plaintiff for the use and purpose aforesaid.

"Plaintiff further states, that neither the said city of Poplar Bluff nor the said J. R. Schneider, have any right or title interest in and to said premises, nor have they, or either of them, any right or authority to enter upon the same or commit any trespass thereon.

"Plaintiff further states, that he is the owner of the one-story frame building, now occupied as a livery barn by plaintiff's tenants, situated on said premises hereinabove described; that the defendants without right, leave or authority are threatening to unlawfully and wrongfully tear down, remove and destroy plaintiff's said building on said premises situated.

"Plaintiff further states that the defendant J. R. Schneider is insolvent and is unable to respond in damages for the injury done and threatened to plaintiff's premises by defendants. That the city of Poplar Bluff has no property either personal or real, subject to execution. That by reason of the insolvency of said Schneider and by reason of the city of Poplar Bluff being a municipal corporation, without property subject to execution, plaintiff has no adequate remedy at law against the defendants or either of them.

"That the digging and excavating on plaintiff' said lot and the construction of a permanent embankment thereon, and to tear down, remove and destroy plaintiff's said building situated thereon, will cause irreparable injury and damage to plaintiff, in this, the said excavation and the construction of said permanent embankment will impair the just enjoyment of said property by plaintiff.

"Wherefore, plaintiff prays for an order and decree of this court, forthwith enjoining and restraining the said city of Poplar Bluff, and the said J. R. Schneider, their agents, servants, officers and employees from entering upon said premises, and that they, and each of them, their agents, officers, servants and employees be enjoined and restrained from digging or excavating on said premises, and be enjoined and restrained from tearing down,

removing or destroying of plaintiff's said building situated thereon, or any part thereof, and from interfering, in any manner, with plaintiff's said premises and the building situated thereon, and for such further orders and decrees as to which plaintiff may be entitled."

Defendant demurred to the petition on the following grounds:

"1. The petition does not state facts sufficient to constitute a cause of action in this: (a) The petition does not state that the defendant, city of Poplar Bluff, is insolvent and not able to respond in damages. (b) While the petition states the conclusion that plaintiff will suffer irreparable damages, it states no facts wherein defendants may ascertain of what the irreparable damages consist. (c) The petition does not state the value of the building threatened to be torn down. (d) The petition does not state the size or length of the excavation or embankment or wherein irreparable damage will be sustained by reason of such excavation or embankment.

"2. The petition shows no equities on its face.

"3. Because the Revised Statutes of the State of Missouri for the year 1899 points out how a judgment against a city may be collected — whether or not it has property subject to execution.

"4. Because the petition shows upon its face that the plaintiff has an adequate remedy at law.

"5. Because there are two different causes of action attempted to be set up in the same count in the petition."

The demurrer was sustained by the court and the following judgment entered (omitting caption):

"Now on this, the third day of August, 1905, this cause coming on to be heard upon the demurrer of defendants to plaintiff's petition, and the court being fully advised upon all and singular, the issues tendered thereon, said demurrer is sustained. Plaintiff declining to plead further, it is therefore considered by the court that

plaintiff take nothing by his said suit; that the temporary injunction heretofore granted be dissolved, and that said defendants go thereof without day, and that defendants have and recover their costs in this behalf incurred, and that they have execution therefor."

In substance, the petition states that Schneider, as an officer of the defendant city, in pursuance of an order of said defendant, without legal right, wrongfully and unlawfully entered upon plaintiff's premises and commenced to dig, excavate and construct a permanent embankment to be used as a public highway; in short, that Schneider, by order of the city, is committing a trespass upon plaintiff's premises and that he is insolvent.

The city of Poplar Bluff is a municipal corporation and as such is only liable for such acts of its officers as are lawful in their nature (Brown v. City of Cape Girardeau, 90 Mo. 377, 2 S. W. 302; Hunt v. City of Boonville, 65 Mo. 620; Schumacher v. City of St. Louis, 3 Mo. App. 297), and especially is it not liable for a trespass committed by its officers. [Worley v. Inhabitants of the Town of Columbia, 88 Mo. 106.] Therefore, plaintiff cannot recover damages against the city for the trespass it is alleged in the petition its officer is committing upon plaintiff's property. It thus appears that the city is improperly joined as a party to the suit and that if the name of the defendant city be stricken out of the petition as a party defendant, the plaintiff would be entitled to the relief he prays — but for an other feature of the case made by the allegations of the petition. It is this, the petition alleges that Schneider entered upon plaintiff's premises in pursuance of an order of the city and alleges that he went upon the premises for the purpose of constructing a public highway. The city has jurisdiction over its highways and power to establish and construct streets. The order mentioned in the petition could only emanate from the city council in the exercise of its governmental functions (Ely v. City of St. Louis, 181 Mo. 723, 81 S. W. 168), and was made for public

purposes and for the public good, and the presumption (in the absence of any allegation in the petition to the contrary) is that the order or ordinance, under which Schneider was acting, is valid (State ex rel. v. City of St. Louis, 169 Mo. 31, 68 S. W. 900; Bank v. Woesten, 147 Mo. 467, 48 S. W. 939) though he may have attempted to execute the order in an unwarranted or unlawful manner; if so, then both he and the city would be liable for the consequential damages, for which an action at law against both the city and Schneider would lie. [Ely v. St. Louis, supra.] But to entitle plaintiff to equitable relief, it was essential that the petition should have rebutted the presumption of the validity of the order by allegations showing that it was invalid for some reason, or that it was oppressive and inequitable, and plaintiff had no adequate remedy at law. These essential allegations are not supplied by the averment, that Schneider's entry upon the premises for the purpose of constructing a street was wrongful and unlawful. We think the petition failed to state sufficient facts to entitle plaintiff to the relief prayed for, and affirm the judgment. All concur.