## D. B. BOLLINGER V. M. W. MCMINN.

Decided June 22, 1907.

**1.—Land—Trespass—Measure of Damage.**

B. built a house upon what he believed in good faith to be his own land; after the lapse of several years and while B.'s tenants were in possession of the house, M. claiming that the house was partly upon his land, sawed it in two at the point where the dividing line, according to his contention, intersected the same and removed and appropriated a part of the house. In a suit by B. for actual and exemplary damages, held, that the difference in the value of the premises immediately before and immediately after the house was damaged was not an improper measure of the actual damage.

**2.—Boundary—Declarations of Vendor.**

The declarations of a remote vendor of defendant as to the boundaries of the land, made at the time of conveyance by such vendor, are admissible against the defendant.

**3.—Boundary—Conflicting Evidence—Charge.**

The evidence as to the position of a boundary being conflicting, the court properly refused under the facts of this case to instruct the jury to determine the disputed boundary by apportioning the excess between the adjacent tracts.

Appeal from the District Court of Eastland County. Tried below before Hon. J. H. Calhoun.

*Scott & Brelsford,* for appellant.—Parol evidence that a remote grantor stated to his grantee, at the time when he conveyed a subdivision of a larger survey, that the line between the land conveyed and that of an adjoining subdivision of the same survey, the line never having been run and located on the ground, was at a certain fence, is inadmissible against a subsequent vendee without notice, in a suit between such owner and the owner of the adjoining subdivision, to show the true location of such division line, where such fence is not called for in the deed, and to locate the line at such fence would defeat the calls for distance in the deed. Davidson v. Pickard, 56 S. W. Rep., 608; Reast v. Donald, 84 Texas, 653.

Where two adjoining surveys are virtually one act, by same surveyor, and such surveys call for each other, but their dividing line is open and unidentified in fact, any excess of acres which may exist in such surveys should be divided and apportioned between owners of each in proportion to the number of acres called for in each survey. Ware v. McQuinn, 7 Texas Civ. App., 110; Knippa v. Umlang, 27 S. W. Rep., 916.

The rightful owner of land is the owner of improvements placed thereon without his consent, and while the owner of the land might, in an action of trespass to try title, be required to pay for such improvements if placed thereon in good faith, such owner of the land would not be liable for exemplary damages for conversion of such improvements. Bonner v. Wiggins, 52 Texas, 128; Norton v. Davis, 13 Texas Civ. App., 94.

The court erred in not granting defendant a new trial, because the jury found in favor of plaintiffs for exemplary damages, which

was contrary to the law and the evidence in this case. Smith v. Holland, 4 Texas App. Civ., 438; Lay v. Blankenship, 2 Posey U. C., 273; Tynburg v. Cohen, 76 Texas, 416.

*Stubblefield & Patterson,* for appellee.—The measure of the damage to the real estate was the difference between the land and premises immediately before and immediately after the defendant committed the trespass on the same. Galveston, H. & S. A. Ry. Co. v. Warnecke, 15 Texas Ct. Rep., 746; Tyler S. E. Ry. Co. v. Hitchins, 63 S. W. Rep., 1070; Pacific Express Co. v. Lasker Real Estate Ass'n, 81 Texas, 81; Houston & T. C. Ry. Co. v. Smith, 46 S. W. Rep., 1047.

STEPHENS, Associate Justice.—Appellee, M. W. McMinn, as guardian for his minor children, built a house on or near the boundary line between a tract of land owned by them known as Lot 14 of McLennan County school land and Lot 15, just north of it, owned by appellant. While appellee, through a tenant, was in peaceable possession of this house and of the farm on which it was situated, appellant entered on the premises and over the protest of the tenant sawed the house in two and carried away three rooms, leaving one room—minus the north side—and a gallery to be occupied by the tenant. Appellee had been in peaceable possession of the land in dispute for five or six years, and when it was thus invaded brought suit against appellant for both actual and exemplary damages, alleging the trespass and the value of the house destroyed and claiming actual damages to the premises in the sum of six hundred dollars plus interest, and exemplary damages in the sum of one thousand dollars. The petition contained the further allegation that if he was mistaken as to his children being the owners of the land on which the house had been built, he had built it in good faith, believing that he was building it on their land. There was an alternative prayer for relief on this ground. Appellant pleaded title in himself in justification of the alleged trespass. The trial of the case resulted in a verdict and judgment against him for $629.30 actual damages and $300 exemplary damages. On the issue of boundary involved the evidence was conflicting, or rather it tended to opposite conclusions and would perhaps have warranted a verdict either way; but the evidence as to long peaceable possession, mistake and good faith in making the improvements which was submitted as a ground of recovery, was all in favor of appellee.

The measure of damages submitted was the difference in value of the premises immediately before and immediately after the house was damaged.

No precedent has been cited for the recovery in this case, and we have been unable to find any, but are loath to disturb it, since it seems to meet the ends of justice and is a merited rebuke to one who deliberately took the law into his own hands and by force appropriated the fruits of another's toil, for which he must have given compensation had he pursued the peaceable method provided by law. In submitting the case to the jury the court seems to have had in mind the principle embodied in our statute regulating the

action of trespass to try title which requires the owner of land which has been improved in good faith by another while in peaceable possession thereof to pay for the improvements to the extent that the land is thereby enhanced in value. Evidently the statute is not in terms applicable to a case of this kind, but it is worthy of consideration that if the equitable principle embodied in the statute should not be applied to such a case a person whose property is occupied and has been improved in good faith by another, instead of resorting to the peaceable method provided by the statute, would be encouraged to recover it by force and thus evade the consequences of a lawful procedure and profit by his own wrong.

True, at common law the rightful owner of land might have retaken it by force, but as this often led to serious breaches of the public peace the statute of 5 Rich. II C. 7 was enacted, which declared that "none henceforth make entry into any lands and tenements but in cases where entry is given by law, and in that case not with strong hand, nor. with multitude of people, but only in a peaceable and easy manner," which statute is now recognized as a part of the American Common Law. Cooley on Torts, page 379, 2d ed. Appellant was therefore undoubtedly guilty of a trespass and an actionable wrong when he invaded the peaceable possession of appellee and by force destroyed the very castle of his tenant; but as to the ground and extent of recovery, beyond nominal damages, the case is not so clear.

That a house or similar structure when placed on the land of another, even by mistake as to the boundary, becomes a fixture, the authorities all seem to hold. See Kimball v. Adams, 52 Wis., 554; 9 N. W. Rep., 170, and cases there cited. It is also held that where fences and the like are placed on the lands of another through mistake as to the boundary line and by license or permission of the owner, the person making the improvements is justified in removing the same in a reasonable time after the error is discovered. Hines v. Ament, 43 Mo., 298; Matson v. Calhoun, 44 Mo., 368. But this case presents only the feature of mistake and not that of license or permission, thus differing from the case last cited.

But perhaps the house, which, according to the construction adopted by appellant himself in sawing it in two, was situated in part on the land of appellee, should as against appellant be regarded as an indivisible structure, encroaching by mistake merely on the lands of appellant, but holding its identity, according to the intention of the builder, with the land of appellee. In that view the damage for the trespass might perhaps be measured by the diminished value of the house treated as an integral part of appellee's premises.

Or perhaps it should be held, in view of the boundary and wrongful act of appellant in detaching the house from the soil, that it no longer remained a part thereof but resumed its original character of personal property belonging to the appellee, in which case the value of this part of the house might be treated as the measure of damages in part, but not entirely so, since in sawing the house in two appellant damaged the rest of it also, which according to his own construction did not belong to him.

Or perhaps the recovery should be measured as provided in the

action of trespass to try title, thus giving the appellee substantially what he would have been entitled to had appellant pursued his lawful remedy, and of which he was deprived by the wrongful and highhanded course pursued.

Indeed, it seems of little consequence in this case what theory is adopted, since the extent of increase in the value of the land by reason of the improvements, as also the extent of the damage by reason of the trespass, was measured by the value of the improvements, or at least the matter seems to have been so treated in the testimony.

True, complaint is made in the brief of the amount of the verdict, but the assignment raising the issue of excess is subject to the objection made to it by appellee, which we sustain, that it is too general. The evidence must therefore be treated as warranting the verdict as to actual damages, and we think it also abundantly supported the verdict for vindictive damages.

Some other rulings complained of in the brief will now be noticed. As to the objection that the fifth special exception to the petition should have been sustained because it failed to state the grounds of good faith in making improvements, it is sufficient to say that at least some of the grounds were stated.

The declarations of Abernath, a remote vendor of appellant, made at the time of his conveyance, as to the boundary in dispute, were clearly admissible.

The other assignments, eighth and ninth, complaining of the admission of testimony as to boundary are not sustained by the bills of exception as cited in the brief. The eighth is not sustained by any bill of exceptions found in the record and the ninth complains of the admission of testimony of witness Hoover as to the placing of a rock at the corner of Lot 15 by surveyor Cassady and refers to bill of exception number three, which relates to the admission of the testimony of M. W. McMinn as to "general repute" as to boundary. The statement under this assignment refers to "bill of Ex. Tr. p. 39," where we find that "witness George Hoover over the objection of the defendant was permitted to testify as to the general repute as to where the south boundary line of lot No. 15 was," and even this bill fails to show what his testimony was on that subject, which subject was entirely different from that embraced in the assignment.

The court did not err in refusing to instruct the jury as requested by appellant to determine the disputed boundary by dividing the excess between Lots 14 and 15 in the proportions suggested in the special charges. The evidence as to boundary did not warrant any such unconditional instructions. Besides, these charges excluded the claim for exemplary damages if by dividing the excess as therein directed the jury should find the house had been placed on appellant's portion thereof. It may be that the charge given on that subject was erroneous, but no error is assigned to it and it was perhaps invited by said special charges. The only serious question in the case is the measure of damages, and that has already been disposed of, though in a manner not entirely satisfactory to ourselves and still less so doubtless to appellant. Judgment affirmed.

*Affirmed.*