BOWDEN et al. v. BRIDGMAN et al.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 28, 1911. Rehearing Denied Dec. 2, 1911.)

1. VENDOR AND PURCHASER (§ 296*) — VENDOR'S LIEN NOTES—RIGHTS OF HOLDER.

The assignee of vendor's lien notes is a mere lienholder, and, like a mortgagee, cannot before foreclosure claim right of possession; but he can foreclose against a building removed from the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 296.*]

2. ACTION (§ 47*)—PARTIES (§ 25*)—JOINDER—CONTRACT AND TORT.

Suit against the maker of vendor's lien notes for the debt and for foreclosure and against his grantees for tort in removing a building from the land did not constitute a misjoinder of causes of action nor of parties defendant.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 47;* Parties, Dec. Dig. § 25.*]

3. JUDGMENT (§ 205*) — TORTS — DOUBLE RECOVERY.

In an action by the holder of vendor's lien notes against the purchaser's grantees for removing a house from the land, judgment, charging them with the amount of damage done to the security by the removal less the proceeds that may be realized from a sale of the house under foreclosure, does not constitute double recovery.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 205.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by J. E. Bridgman against R. W. Bowden and others. Judgment for plaintiff, and defendants Bowden and W. W. Britt appeal. Affirmed.

Dick Oxford, for appellants. Stennis & Wilson and Martin & Davenport, for appellees.

DUNKLIN, J. Three vendor's lien notes executed by M. L. Jones as part of the purchase price of three lots in the town of Mineral Wells were acquired by J. E. Bridgman by purchase from the payee. A vendor's lien to secure payment of the notes was expressly retained in the deed to Jones. Jones sold the lots to W. R. Dobbins and R. W. Bowden, who in turn conveyed the same to W. W. Britt. Thereafter Britt and Bowden, without the knowledge or consent of the holder of the notes executed by Jones, and with notice of the lien given to secure them, moved a house of the value of $500 from the lots covered by the lien and erected the same upon a lot situated in the town of Granbury, Hood county, and owned by Britt at the date of the trial, subject to a vendor's lien thereon in favor of Bowden, Britt's vendor. Bridgman instituted this suit against Jones, Bowden, and Britt and recovered a judgment against Jones for the amount due on the notes purchased from Jones with foreclosure of the vendor's lien on the lots in Mineral

Wells and also on the house which had been moved therefrom. Judgment was also rendered in plaintiff's favor against Bowden and Britt for $500 as damages done to plaintiff's security for his notes by the removal of the house from the Mineral Wells lots; but this judgment was conditional and made collectible in the event only that the proceeds of sale of the lots and the house should be insufficient to satisfy the amount recovered against Jones on the notes. This appeal has been prosecuted by Bowden and Britt.

[1] The contention is made that, when the house was moved from the lots in Mineral Wells and erected upon the lot in Granbury, it became a part of the lot last named, and the vendor's lien which originally existed upon the house as a part of the Mineral Wells lot was lost. Predicated upon this contention, appellants insist that the court erred in overruling certain special exceptions to that portion of the petition in which a foreclosure upon the house was sought, and that there was error in the court's refusal to grant appellants' motion to quash the writ of sequestration which had been issued and levied upon the house at plaintiff's instance. We think it well settled that plaintiff, being the assignee of the vendor's lien notes, was merely a lienholder, and, like a mortgagee, could not, prior to foreclosure, claim a right of possession in the house; but to say that without his knowledge or consent his lien on the house was destroyed by the removal would be to hold that the defendants could profit by their own wrongful acts. Appellants' contention seems to be supported by some authorities (see Jones on Mortgages, §§ 144, 453, 454), while other decisions holding a contrary view are cited in 27 Cyc. 1166, and the decisions of our own state seem essentially to settle the law in this state in harmony with the latter view (Galbraith v. First State Bank & Trust Co., 133 S. W. 300, and decisions therein cited). As persuasive in support of the same ruling, see, also, Bollinger v. McMinn, 47 Tex. Civ. App. 89, 104 S. W. 1079; Scaling v. First Nat. Bank, 39 Tex. Civ. App. 154, 87 S. W. 715.

[2] While the suit against Jones was for debt and foreclosure, and that against appellants was for a tort, we do not think that there was a misjoinder of causes of action nor of parties defendant, as insisted by appellants by different assignments of error. The right of plaintiff in a suit for debt and foreclosure of a lien given to secure it to join in the same suit one under no contractual obligation to pay the debt, but who has wrongfully converted to his own use the security, has been recognized in many decisions of our state. Cassidy v. Willis, 33 Tex. Civ. App. 289, 78 S. W. 40; Cobb v. Barber, 92 Tex. 311, 47 S. W. 963. We perceive no reason why those decisions should not be ap-plicable and controlling when some of the defendants are charged with wrongful acts causing a depreciation in the value of the security.

We think the petition sufficient as against the special exception in which it was insisted that there was no specific allegation of the amount of damage done to the security by Bowden and Britt, and we are of the opinion further that the evidence was sufficient to sustain the verdict rendered against Bowden as a participant with Britt in the removal of the house from the lots in Mineral Wells.

[3] It was agreed by the parties that the value of the house when removed was $500. This, of course, represented the depreciation in the value of the security for plaintiff's debt. The house was torn down and then rebuilt on the lot in Granbury. We are cited to no evidence showing that after it was reconstructed it was worth $500. The judgment, in effect, charged Bowden and Britt with the amount of damage done to the security by the removal of the house and gave them credit for the proceeds that may be realized from the sale of the house under foreclosure. We do not think this constituted a double recovery, as insisted by appellants.

We have found no error in the record, and, accordingly, affirm the judgment.