Dear Mr. Boggs:
This official opinion is issued in response to your request for a ruling which request reads as follows:
 "Can the County of St. Charles, Missouri, under the applicable Missouri Statutes governing the acquisitions of buildings for county purposes, legally purchase an already existing building and land presently privately owned lying within the city limits of St. Peters, a city within the County of St. Charles, but not the county seat?"
As we understand the facts, currently the juvenile detention facility in St. Charles County, Missouri does not meet federal standards. Accordingly, it was essential that some steps be taken to secure a juvenile detention facility that will comply with federal standards. As a result, on December 6, 1977, a bond proposition to acquire land and erect a juvenile detention facility within the City of St. Charles, Missouri was put to a vote of the people in St. Charles County, Missouri pursuant to Section 211.331, RSMo and Chapter 108, RSMo. That bond issue failed to pass. Subsequently, Mr. Raymond Grush, Juvenile Officer-Administrative Director for St. Charles County, Missouri located a preexisting building that was privately owned which with some renovation could be used as a juvenile detention facility.
The first question to be disposed of is whether or not St. Charles County is empowered to purchase a preexisting building as opposed to purchasing only the land for said building. In reaching a conclusion one must first look at Section 49.270, RSMo, which reads in part as follow:
 "The said court shall have control and management of the property, real and personal, belonging to the county, and shall have power and authority to purchase, lease or receive by donation, any property, real or personal, for the use and benefit of the county; . . ."
This statute gives to the County Court of St. Charles County the power to purchase any real property for the use and benefit of the county. As a juvenile detention facility is for the use and benefit of the county and is further essential in order to meet federal requirements, it would seem that this statutory authorization allows St. Charles County to purchase any real property for a juvenile detention facility, including land or buildings located thereon, unless such power is further limited by some other special statute.
Section 211.331(4), RSMo, which deals specifically with juvenile detention facilities, states as follows:
 "The county court or other governing body of the county is authorized to lease or to acquire by purchase, gift or devise land for such purpose, and to erect buildings thereon and to provide funds to equip and maintain the same for the subsistence and education of the children placed therein."
While there is no specific wording in the aforesaid section to authorize the purchase of a building, it is our opinion that the authority to purchase the preexisting building can be reasonably implied from the express language contained in the aforesaid section as well as Section 49.270, RSMo, previously set out above. In Shiedley v. Lynch, 95 Mo. 487, 8 S.W. 434, 437 (1888), the court stated as follows:
 ". . . `In statutes, incidents are always supplied by intendments; in other words, whenever a power is given by a statute, everything necessary to the making of it effectual is given by implication.' . . ."
Since the county court is authorized by Section 49.270, RSMo, to purchase any real property and authorized by Section211.331(4), RSMo, to purchase land and erect a building for a juvenile detention facility, the necessary implication of these powers is the power to purchase a building for a juvenile detention facility.
In addition, the word "land" has been given the common law definition in Missouri which "includes all buildings of a permanent nature standing thereon" as well as the land. Union Cent.Life Ins. Co. v. Tillery, 152 Mo. 421, 54 S.W. 220 (1899).Bituminous Casualty Corporation v. Walsh Wells, Inc.,
170 S.W.2d 117 (St.L. Ct.App. 1943).
Accordingly, it is the opinion of this office that the St. Charles County Court does have the authority and is empowered to purchase preexisting buildings for utilization as a juvenile detention facility for the county.
We believe the enclosed Opinion Letter No. 318, rendered June 17, 1971, to Wm. S. Brandom, answers your question whether the juvenile detention facility can be located outside the county seat.
CONCLUSION
Therefore, it is the opinion of this office that the County Court of St. Charles County acting for the county of St. Charles, Missouri may under the applicable Missouri statute purchase a preexisting building for utilization as a juvenile detention facility and that said building to be purchased may be located outside the city limits of the county seat of St. Charles County.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. Ltr. No. 318, 6/17/71. Brandom