## ELY, Appellant, v. CITY OF ST. LOUIS.

### Division One, May 25, 1904.

1. **CITY: Governmental and Ministerial Capacity: Negligence.** A city is not liable for what it does in its governmental capacity as for neglect of duty; it is liable only for what it does negligently in its ministerial capacity. In declaring by ordinance that land embraced within certain lines is a public street, and in declaring to what extent the street shall be improved, it

acts in its governmental capacity; but in undertaking the work of constructing or repairing the street, after the ordinance has been enacted providing for the improvement, it acts in its ministerial capacity, and if in constructing a sidewalk or street it acts negligently, or fails to keep it in a reasonably safe condition for the public, it is liable as for negligence.

2. STREETS: Extent of Improvement. A city has the power to establish a street eighty feet wide as a public street, and then by ordinance to determine that an improvement thirty feet wide therein, is, for the time being, owing to the sparse settlement of the neighborhood, sufficient for the public needs. No one has the right to insist that the city grade and improve more of the street than in the exercise of its legislative capacity it deems to be necessary.

3. ———: ———: Injury on Unimproved Part. The city had dedicated a street eighty feet wide, in the suburbs, to public use. The lands on each side were used for agricultural or gardening purposes. By ordinance it graded down a strip thirty feet wide on one side of the street for a wagon way, but the other side was left in a state of nature, and over this pedestrians made a path, which plaintiff knew, and while returning home along that path of a dark night, after an absence from the city, plaintiff fell into a gully which had been washed through the path by the rain waters from the garden. Held, that the city was not required to grade down the whole eighty foot strip and construct a sidewalk there, and hence plaintiff can not recover for his injuries.

Appeal from St Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Chas. H. Walton* and *Joseph Wheless* for appellant.

(1) The sidewalk is a part of a public street, and the city is bound to keep it in repair, and is liable for failure to do so, regardless of the condition of the roadway of the street. "With respect to its sidewalk along its streets, it was defendant's duty to keep them in a reasonably safe condition for persons who might travel thereon, either by day or night, and if the injury complained of was occasioned by reason of its failure to

do so, then it should be held to respond in damages.''
Goins v. Moberly, 127 Mo. 119; Oliver v. Kansas City,
69 Mo. 79; Streeter v. Breckenridge, 23 Mo. App. 214;
Flynn v. Neosho, 114 Mo. 567; Walker v. Kansas City,
99 Mo. 647; Kossman v. St. Louis, 153 Mo. 393; Wiggin
v. St. Louis, 135 Mo. 559; Graney v. St. Louis, 141 Mo.
180; Brennan v. St. Louis, 92 Mo. 487; Baldwin v.
Springfield, 141 Mo. 205; Baustian v. Young, 152 Mo.
317; Meiners v. St. Louis, 130 Mo. 274; Hill v. Sedalia,
64 Mo. App. 494; Golden v. Clinton, 54 Mo. App. 100.
(2)   The liability of the city begins when it has opened
a street to public use and invited the public to travel on
it.   It is not necessary that the city should have under-
taken to pave the sidewalk, nor otherwise construct it
artificially.   It is sufficient that the city invites the pub-
lic use, and the public uses it.   All of the sidewalk cases
cited under this and the former point  are cases of en-
tirely unimproved footways, either of dirt or plank, and
none of them had been constructed by the public authori-
ties; they were in a ''state of nature,'' mere dirt foot-
walks—or the boards had been put down by neighbors.
Maus v. Springfield, 101 Mo. 617; Hunter v. Weston,
111 Mo. 184; Oliver v. Kansas City, 69 Mo. 79; Brennan
v. St. Louis, 92 Mo. 487; Vogelgesang v. St. Louis, 139 Mo.
135; Warren v. Independence, 153 Mo. 599; Bassett v.
St. Joseph, 53 Mo. 303; Brown v. Mayor, etc., of Glas-
gow, 57 Mo. 156; Craig v. Sedalia, 63 Mo. 419; Tritz v.
Kansas City, 84 Mo. 639; Taubman v. Lexington, 25 Mo.
App. 226; Walker v. City of Kansas, 99 Mo. 652; Wiggin
v. St. Louis, 135 Mo. 558; Baustian v. Young, 152 Mo.
317; Barr v. Kansas City, 105 Mo. 561; Flynn v. Neosho,
114 Mo. 567; Graney v. St. Louis, 141 Mo. 190; Downend
v. Kansas City, 71 Mo. App. 534; s. c., 156 Mo. 60;
Meiners v. St. Louis, 130 Mo. 274; Walker v. Point
Pleasant, 49 Mo. App. 249; Culverson v. Maryville, 67
Mo. App. 343; Hill v. Sedalia, 64 Mo. App. 494; Roe v.
Kansas City, 100 Mo. 193; Golden v. Clinton, 54 Mo.
App. 100; Garnett v. Slater, 56 Mo. App. 207; Boyd v.

Springfield, 62 Mo. App. 456; Heckler v. St. Louis, 13 Mo. App. 279; Streeter v. Breckenridge, 23 Mo. App. 244; Stephens v. Macon, 85 Mo. 345; Taylor v. Springfield, 61 Mo. App. 263; Swanson v. Sedalia, 89 Mo. App. 127; Baldwin v. Springfield, 141 Mo. 205; Frankfort v. Coleman (Ind.), 65 Am. St. 412.

*Chas. W. Bates* and *Wm. F. Woerner* for respondent.

(1) A city which has once assumed to improve a sidewalk or street or a part thereof, and thereby invited the public to travel thereover, owes thereafter a duty to the public to keep such sidewalk or street, or such part thereof as it has assumed to improve, in a reasonably safe condition for ordinary travel in the entire width of such street or part thereof which it has undertaken to improve. But the city under its charter has the right, in its quasi-judicial, or rather legislative discretion, to determine in the first instance whether a street or walk shall be made at all, and if so when and in what manner, and to what extent and width it shall be improved or made. It may determine that only part of a street requires improvement, and need not improve the entire width, and it may conclude a sidewalk in a particular location is unnecessary. Not until it is opened for use does the city become liable. Of the necessity or expediency of exercising such power only the assembly, not a court or jury, is to judge. Heckler v. St. Louis, 13 Mo. App. 279; Young v. Kansas City, 27 Mo. App. 114; Moore v. Cape Girardeau, 103 Mo. 476; Keating v. Kansas City, 84 Mo. 418; McCormack v. Patchin, 53 Mo. 36; Moran v. Lindell, 52 Mo. 233; Kossman v. St. Louis, 153 Mo. 299; Craig v. Sedalia, 63 Mo. 419; Bassett v. St. Joseph, 53 Mo. 303. (2) Hence, so long as the city authorities deem that the time has not yet come when the public conditions require that a street shall be improved, nor that it shall improve its whole width and

with a sidewalk flanking it for the use of pedestrians, no duty arises on the part of the city as to that portion of the street or potential sidewalk over which the public travel has not been invited or sanctioned by some appropriate act of the municipal authorities, and respecting which no attempt has been made to have it paved, altered or improved, but which has been left in its original natural state. It follows that for an injury (not connected with some affirmative act by the city) which results solely from the natural condition of an unimproved public street, no action is maintainable against the municipality. Heckler v. St. Louis, 13 Mo. App. 277; Carle v. De Soto, 156 Mo. 443; Hunter v. Weston, 111 Mo. 184; Moore v. Cape Girardeau, 103 Mo. 476; Downend v. Kansas City, 71 Mo. App. 529; Brown v. Glasgow, 57 Mo. 156.

VALLIANT, J.—The petition alleges that the plaintiff, on a dark night, while walking along a portion of a public street which had for ten years been used by pedestrians as a sidewalk, fell into a hole that had been caused by the rains, and received severe injuries; that the hole was about two feet wide and three feet deep and its existence was known or would have been known to the defendant city if it had used ordinary care; that the nearest street light to the place of accident was about two hundred feet distant; that weeds and grass grew so rank along the way that the plaintiff could not see the hole and fell into it, notwithstanding he was at the time using ordinary care. The answer was a general denial and a plea of contributory negligence.

The plaintiff's evidence tended to show as follows:

The street in question had been by ordinance in 1885 established as a public street eighty feet wide. It was in the western suburbs of the city; in the vicinity of the point of the accident there were not many houses; the land on both sides of the street at that point was used for agricultural purposes. In 1891 the city passed

an ordinance requiring the street at this point to be partially graded. Pursuant to the ordinance a wagon road was made on the western side of the street, by grading down the natural elevation of the land for a width sufficient for wagons. In cutting down this elevation, that part of the street on the east side was left several feet above the graded wagon road; nothing was done to that part, it was left as nature had made it. But pedestrians had for a long time been walking along the east side and had worn a path there. There was never any sidewalk there, nothing to designate it as a passway for pedestrians except the foot-worn path. On both sides of the path weeds grew. In the enclosure to the east was a truck garden, from which, when rain came, the storm water crossing this strip washed out a gully, which the gardener from time to time filled, but it would wash out again. It was that gully into which the plaintiff fell.

The plaintiff lived in that neighborhood and knew that there was no sidewalk at that point, but he also knew the people were in the habit of walking there and he trusted that it was safe for him to do so. He was a travelling man and absent from home the greater part of the time and was therefore not familiar with the actual conditions of the path. Coming out from the city on a street car, as he did on this occasion, he usually got off that car at a street crossing one block east of this street where there was a sidewalk, but on this occasion, as there was no light at that crossing, but was at this, he chose to get off at this crossing and use this path. His wife and daughter ten years old were with him, the child was walking ahead of him; she crossed over the gully and made no remark about it; he followed, walking carefully, but on account of the weeds which shaded the path he did not see the gully, and fell into it, sustaining serious injuries to his left leg.

At the close of the plaintiff's evidence, the court at the request of the defendant instructed the jury that the

plaintiff was not entitled to recover; the plaintiff then took a nonsuit with leave, and his motion to set the same aside having been overruled, he took this appeal.

The evidence showed that whilst the city by ordinance established this as a public street, yet it prepared for public use only a wagon road through a part of it, leaving the space that would naturally be the location of sidewalks, if sidewalks were made, in a state of nature. The first question that arises is, was the city in duty bound to make a sidewalk, or, failing to do so, was it responsible for the condition of the path; after that comes the question, was the plaintiff using reasonable care in attempting to travel that path on a dark night?

A municipal corporation on which is conferred the power to establish public streets and, when established, to construct them for public use, in the exercise of that power acts in two capacities, first, governmental, second, ministerial. When the municipality by ordinance declares that land embraced within certain lines is a public street, then, when the city obtains the title to or easement in that land for that purpose, either by gift or condemnation, it becomes a public street, but it is not necessarily then opened to the public for use. And if after that the city passes an ordinance providing for the improvement of the street so as to render it fit for use, even then it is not, by the mere passing of the ordinance, opened for use. In passing those ordinances the city acts in its governmental, legislative capacity, and in doing so it exercises its discretion in defining the lines and the extent of the street and in declaring in what manner and to what extent it shall be improved and given to the public for use. If in passing an ordinance to establish a street, for example near the suburbs where the population is sparse, the municipal assembly should be of the opinion that a road thirty feet wide would be sufficient for the then needs of the public, but in anticipation that in the future the population would become more dense and a street eighty feet wide would become nec-

essary, and should provide in the ordinance for the establishment of a street of that width, no one could say that it was an abuse of its power or an unwarranted exercise of its legislative discretion. And if, after so establishing the street, the city should in the exercise of its legislative discretion, be of the opinion that for the time being a roadway thirty feet wide in the eighty foot street was all that the public good required and should pass an ordinance providing for the improvement to that extent and no more, no one would have the right to say that the ordinance was unlawful—no one would have a right to insist that the city grade and improve more of the street than in the exercise of its legislative capacity it sees fit to do. In those matters the city acts in its delegated governmental capacity and is not answerable to an individual as for neglect of duty. [Bassett v. St. Joseph, 53 Mo. 290; Keating v. Kansas City, 84 Mo. 415; Kossman v. St. Louis, 153 Mo. 293; Smith on Mun. Corp., sec. 780.]

But after the ordinance for the improvement of the street has been passed and the city undertakes the work of constructing or reconstructing the street as in the ordinance is required, then the city acts in its ministerial capacity, and if in that capacity it is guilty of negligence to the injury of an individual it is liable. And so after the city has constructed the street or the sidewalk and has thereby invited the public to use it, the city is bound to keep it in condition to be reasonably safe for use and is liable as for negligence if it fails to do so. [Moore v. Cape Girardeau, 103 Mo. 470; Hunter v. Weston, 111 Mo. 176.]

In the case at bar the city lawfully exercised its governmental discretion to grade and prepare for use only the wagon roadway in part of the street; it was not required to grade and improve the whole eighty foot space and build sidewalks on it, and therefore is not liable for not having done so. The path through the weeds and over the uneven surface spoke for itself and told every

one that there was no sidewalk there and it invited no one to use it at the city's expense. The city was not responsible for the condition of that path and therefore it will not be necessary to decide whether by the plaintiff's own evidence he was negligent in travelling the path under the circumstances.

The circuit court took the correct view of the case. The judgment is affirmed.

All concur, except *Robinson, J.,* absent.