## ELIZABETH CURRAN, Appellant, v. CITY OF ST. JOSEPH, Respondent.

Kansas City Court of Appeals, May 9, 1910.

1. **MUNICIPAL CORPORATIONS: Streets: Acceptance.** A street may be accepted by a city by long continued use by the public without any acts of its officers such as working, improving or repairing.

2. ————: ————: ————: **Improvements.** Though a street is accepted by a city, the latter is not liable for not putting it in condition for travel, and the city may open up a roadway for vehicles and not put down sidewalks, or it may put down sidewalks on one side of the street and not be liable for failure to put a walk on the other, to one who falls into a gully across the sidewalk space.

3. ————: **Improvements by Property-owners: Acceptance by City.** If property-owners, without direction from a city, put down sidewalks which are used by the general public and are of such character as to lead one to believe they have been adopted by the city, the latter will be liable for negligence in not keeping them in a reasonably safe condition for travel.

4. ————: ————: ————. The plaintiff lived on a street which had been accepted by the city and a roadway worked in the center. The property-owners had put down a sidewalk on one side but had not on the other. There were three houses on the latter side and a path with grass and weeds had been worn on the sidewalk space and cinders had been put on the path in front of the houses. Plaintiff in returning to her house fell

in a shallow ditch which had been washed across the path in front of her house. *Held*: That the city was not under obligation to make the pathway safe.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

AFFIRMED.

*Mytton & Parkinson* for appellant.

A city owns and controls its streets as a trustee for the public. It is charged by the law that the primary and bounden duty of keeping them free from nuisances, defects and obstructions caused by itself or third parties if it (in the latter instance) had actual or constructive notice thereof in time to abate the nuisance, remove the obstruction and improve the defect, and that duty it cannot shirk or shift over to or halve with others. Benton v. St. Louis, 217 Mo. 687.

*W. B. Norris* and *O. E. Shultz* for respondent.

The court did not commit error in sustaining defendant's motion for a new trial. The demurrer of defendant to the evidence should have been sustained, because that part of the street on which the accident happened had never been thrown open by the city for use by the public. Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 181 Mo. 723; Rupenthal v. St. Louis, 190 Mo. 213; Benton v. St. Louis, 217 Mo. 687.

ELLISON, J.—This action was instituted to recover damages for injuries sustained by plaintiff by falling on what she claims was a sidewalk on the south side of Harvard street in St. Joseph. There was a verdict in her favor, which was set aside and a new trial granted on defendant's motion. Plaintiff thereupon appealed and asks that the verdict be reinstated and that judgment be ordered thereon.

Harvard street had been platted and dedicated to the public and though defendant disputes it, we think it had been accepted by the city. It was a short street, not in the business district, about seven hundred and sixty-six feet in length, lying between King Hill avenue on the west and Lookout street on the east. It was fifty feet wide and a roadway about twenty feet in width had been worked by the city, though no sidewalk had been laid by the city or by its authority. But there were houses and a board sidewalk on the north side, the latter put down by property-owners in front of their property without order from the city. It may be conceded that the street being open and a roadway worked by the city, this sidewalk on the north side was one where the city would be liable for an injury to a pedestrian who may have fallen by reason of negligent defects therein, under the decision of the Supreme Court in Benton v. St. Louis, 217 Mo. 687. But plaintiff was injured on the south side of the street where there were only three frame houses or cottages, built close together, and where no sidewalk had been put down. Weeds and grass grew on that side and just east of the houses that side of the street runs up to a hole, perhaps twenty feet deep, which extends out into the street a distance of thirty feet, leaving the street only twenty feet wide at that place for a roadway and sidewalk on the north. This hole had been made by excavating dirt or clay for a brick yard. There was a pathway on that side of the street, beginning at King Hill avenue and running east over what we will term the space where a regular sidewalk could be put down, tor a distance of three hundred and sixty feet, or not quite half the full length of the street. This path extended past the three cottages and in their front the owners had put cinders on it, and that part of it is thereby termed a cinder sidewalk by the plaintiff and some witnesses in her behalf, but it is more properly designated by other witnesses as a cinder path; and the

petition does not mention a sidewalk but designates it as a "sidewalk space." Plaintiff lived with her son-in-law and came out of the house to the gate and thence across the street to a neighbor's. A "gully" between two and three feet deep had been washed out across the path in front of her son-in-law's house by surface water coming down from higher ground beyond. As she returned home a little after dark, approaching the gate, she stepped in the gully and received her injury. By way of avoiding a charge of contributory negligence it was shown that she had not been well and had not been out of the house for several weeks prior to this.

The foregoing may be put in less space by stating that plaintiff was injured by falling into a shallow ditch washed out across a pathway leading up through grass and weeds from a street about three hundred feet to the west and which ran along the side of the street in the space which is left for sidewalks, ending a short distance beyond her house. The street had been accepted by the city and a roadway, about in the center, had been worked upon. But no sidewalks had been built or authorized, though there was one on the north side, put down by property-owners.

In our opinion the facts disclosed show that plaintiff failed to make a case under the law as it is understood and announced in this State.

To render a city liable for negligence in the care of a street it must have accepted it. And we find it has been a number of times ruled that to constitute an acceptance, it took some act on the part of the city through its officers or agents, such as taking charge of the street by improving it, etc. [Downend v. Kansas City, 156 Mo. 60; Baldwin v. Springfield, 141 Mo. 205.] But recently, in the case of Benton v. St. Louis, supra, there has been much more advanced ground taken, though it is supported by other decisions, such as Meiners v. St. Louis, 130 Mo. 274. In the Benton case it is said that there need not be any act of the

officers of the city, but acquiescence in the use by the public will suffice. It is said, at page 705 of the report, that "The inhabitants of a locality having by long continued use treated the way as a public one, they make it such without the intervention of those (officers) who derive their authority from them." That statement is taken from Elliott on Roads and Streets (sec. 154), and is expressly approved. At the same time it is noticeable that the case under consideration showed more than use by the public. It showed affirmative and repeated acts by city officers and agents. It is not stated whether the expression "long continued use" meant a sufficient length of time to make a right by prescription.

But though a city has accepted a street, in whatever way that will make a valid acceptance, it is not obliged to put any part of it in repair for travel by vehicle or pedestrian. That is a matter of governmental discretion for the non-exercise of which it is not liable. [Conner v. Nevada, 188 Mo. 148.] And if the city improves a part of a street, it is not obliged to improve all of it. [Downend v. Kansas City, 71 Mo. App. 529, and authorities there cited.] Thus, it may open up a roadway, say near the center, and yet not be obliged to establish sidewalks on either side; and it may put down a sidewalk on one side and not be liable for not putting one down on the other side. [Ely v. St. Louis, 181 Mo. 723.]

Applying the foregoing principles, we find that the record undoubtedly shows an acceptance of the street, especially under Benton v. St. Louis, the most recent case cited by either counsel. We find that a sidewalk had been put down on the north side by property-owners, which, while not involved here, we may say, by way of illustration of our meaning, would present a case where a pedestrian could hold the city liable within the rule as announced in the Benton case. But on the south side we do not find any sidewalk at all.

There was merely a narrow path, in great part through grass and weeds, with cinders over its surface for the few feet which made the front of the three cottages. There was no excuse for any one thinking such path was a sidewalk put down by the city, or that it was such character of walk constructed by property-owners and recognized or intended as such by the city. The case presented is in no way like that of Benton v. St. Louis. There is nothing said in that case, either in direct terms or by way of illustration, which in any way supports this case.

The foregoing views are in accord with those expressed in the record by the trial judge, and the order granting a new trial for error in refusing a mandatory instruction to find for defendant, is affirmed. All concur.