MARY C. COLTON, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, March 4, 1912.

1. MUNICIPAL CORPORATIONS: Streets: By-path: Duty of City. Where a street is paved between the curbing on either side, but the part left for sidewalk space on one side is precipitous bluff save a short space sufficiently level where a by-path was used by people of the neighborhood, it was *held* that it was not the duty of the city to keep such by-path in a reasonably safe condition for travel.

2. ————: ————: ————: Catch Basin: Sudden Fright. A street in a city was paved between the curbing, and a catch basin was constructed by the city in the curbing with the cover or top extending over into a sidewalk space, but where there was no sidewalk nor any improvement by the city, which covering was insecure. A person walking along the paved street, in order to avoid an approaching automobile, stepped upon the top of the basin, when it turned over and let her drop in, injuring her. *Held*, that the city is liable in damages.

3. ————: ————: Catch Basin: Pavement: Pathway. If a city constructs a catch basin with a defective cover or top, at the line of pavement in a street and at the beginning of a path leading from the street, and a person steps upon the top in leaving the street and taking the pathway, and is injured by its turning and letting him fall in, the city is liable.

Appeal from Jackson Circuit Court.—*Hon. R. B. Middlebrook*, Judge.

AFFIRMED.

*John G. Park, Jas. W. Garner* and *Francis M. Hayward* for appellant.

(1) The court erred in setting aside the involuntary nonsuit because the catch basin where plaintiff received her injury was outside the portion of the street dedicated and prepared for travel and had never been thrown open to the public, and the city was under no duty to keep it in repair. Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 181 Mo. 724; Atkinson v. Nevada, 133 Mo. App. 1.

*Ben T̂. Hardin* for respondent.

The court committed no error in setting aside the nonsuit taken by plaintiff, on the ground that the court had erred in sustaining the demurrer interposed by defendant. Benton v. St. Louis, 217 Mo. 687; Snickles v. St. Joseph, 155 Mo. App. 308; Curran v. St. Joseph, 143 Mo. App. 618, 620. When the Benton case was shown to the trial judge, he promptly corrected the blunder into which he had been led. He granted the new trial on the facts in evidence. And an appellate court will not interfere with such action of the trial court, unless it is of the opinion that under no circumstances ought the plaintiff to be allowed to recover. Graney v. Railroad, 157 Mo. 666; Seeger v. Silver Co., 193 Mo. 400; Gould v. St. John, 207 Mo. 619; McCarty v. Transit Co., 192 Mo. 396; Johnson v. Grayson ,230 v. Transit Co., 192 Mo. 396; Johnson v. Grayson, 230 Hawver v. Transit Co., 154 Mo. App. 452.

ELLISON, J.—Plaintiff's action is to recover damages for injuries received by stepping upon the lid or cover of a catch basin set in and adjoining the curbing in one of defendant's streets. At the close of the evidence in her behalf, she took a nonsuit in order to avoid a peremptory instruction in defendant's favor. Afterwards, on her motion, the nonsuit was set aside, and defendant appealed.

The street involved in the controversy is Grand avenue, at Twenty-sixth street, the latter not being open west of the former. Grand avenue is paved with asphaltum between the stone curbing. Between Twenty-sixth and Twenty-seventh streets there is no sidewalk on the west side, though it is said that there was unimproved sidewalk space included within the full width of the street as platted. In the west curbing of Grand avenue and opposite where Twenty-sixth street enters from the east, there is a catch basin into which surface water flows from the street and finds its way to the sewers. The basin is set in the curbing, but extends a width of more than two feet beyond into what is said to be the sidewalk space, and it is covered with an iron cover which fits insecurely on the top of the basin. For a considerable distance between Twensixth and Twenty-seventh streets a bluff comes up to the curbing, on the west side of Grand avenue, so nearly perpendicular as to prevent any one from going over that space except by walking on the paved street inside the curb. But a few steps before reaching the catch basin, the bluff begins to recede toward the west, leaving room on the outside of the curb for a pathway; and right at the catch basin, pedestrians on the paved street, who desired to do so, stepped up on the iron covering of the basin and proceeded along the path. In other words, the catch basin cover was the first step on the path off of the street going north, as plaintiff was, or the last step on the path onto the street, going the other way.

Plaintiff was coming from Twenty-seventh street, travelling on the west side of Grand avenue over the asphaltum pavement. Whether she intended taking the path when she reached the catch basin, does not appear; but at any rate, just as she got to the basin, she saw an automobile approaching and she immediately stepped up on the cover to avoid it. The

cover turned with her and she fell into the basin and received the injuries of which she complains.

In the argument of this case a great deal was said about sidewalks and sidewalk space, and whether the city was duty bound to keep the pathway in reasonably safe condition for pedestrians. A city would be liable for constructing a dangerous place in an unused part of a street where people might pass along and fall into it; as, for instance, an unguarded well. But that is a different proposition from the statement that it is bound to keep by-paths in unimproved and unrecognized parts of streets, in good sidewalk condition for travel. So, therefore, in our opinion (leaving out of view the fact that the city, itself, built the basin), the city was not bound to put that part of the street in controversy, which has been called the sidewalk space, in a condition for travel. [Ely v. St. Louis, 181 Mo. 723; Curran v. St. Joseph, 143 Mo. App. 618.]

The city had not invited any one to use the pathway and unless we say that in order to avoid liability it is necessary for a city to forbid persons walking on unimproved parts of its streets, we can not find any violated duty on the part of the city. We are cited to Benton v. St. Louis, 217 Mo. 687, but plaintiff's case finds no support in that decision. There is nothing in its facts, nor in the statements of law applicable thereto, which in any way bear upon this case. In that case, a sidewalk built by property-owners, but used for years by the public, ran over a sink hole which was allowed to remain in a street. Defects in the walk caused a child to fall into the hole below and drown. In this case, there was a mere path, a few yards in length, over-ground, in the platted street way, but not pretended to have been recognized by the city or the public. We reject the theory that the city made the path a sidewalk from the fact that people used it as a pathway.

But there is a theory of liability which we believe the petition, worded as it is, will authorize. That is, eliminate all idea of sidewalk space, and of a pathway in a sidewalk space, for the safety of which, it is contended, the city would be liable, and stand upon the fault of the city in, itself, constructing and maintaining an insecurely covered excavation or basin in a pathway over an unimproved part of a street. For that act and conduct, as we have already stated, the city would be liable to one walking along the path.

While the petition bears many marks of the sidewalk idea, yet it does allege that defendant constructed the basin in the pathway, and it does allege that plaintiff attempted to walk over it. It could state the case in much more satisfactory way if amended.

There is another theory of plaintiff's right, perhaps not proper to be asserted as the petition now stands. It is, however, borne out by the evidence.

In Bassett v. St. Joseph, 53 Mo. 290, the city allowed an unguarded excavation to be dug near to, but outside the street line. A woman, lawfully in the street, was suddenly put in peril of being kicked by a mule hitched to a wagon, and in attempting to avoid the kick, she fell into the excavation and was injured. It was held that the city was liable, notwithstanding the excavation was not in the street. A long line of authority supports the Bassett case.

In the instance in controversy there was no place where plaintiff could walk except on the pavement inside the curb; she was lawfully there, and suddenly seeing the necessity of avoiding an approaching automobile, stepped upon the covering of the basin, which had outward appearance of being secure, when it turned and let her drop in. Plaintiff's case is stronger than Bassett's.

But it is said there was no showing that the city constructed the catch basin. We, however, think that

162 App.—28

a reasonable inference may be drawn from the facts and circumstances that the city did construct it. This is an objection that can be avoided on a new trial.

The order granting a new trial is affirmed. All concur.