Anna M. LAWSON, (Plaintiff) Appellant,

v.

The VILLAGE OF HAZELWOOD and Lynn Haven Bowling Corporation, Inc., (Defendants) Respondents.

No. 30885.

St. Louis Court of Appeals.

Missouri.

April 17, 1962.

Motion to quash and set aside opinion and for Rehearing or to Transfer to Supreme Court Denied May 15, 1962.

540

Edward J. Delworth and Wyne & Delworth, Clayton, for appellant.

Richard M. Stout, Francis R. Stout, and Kent E. Karohl, St. Louis, for Village of Hazelwood.

William I. Rutherford and Lashly, Lashly & Miller, St. Louis, for Lynn Haven Bowling Corporation.

HARRY A. HALL, Special Judge.

This is an action against the Village of Hazelwood and the Lynn Haven Bowling Corporation, Inc., for $10,000.00 in damages for personal injuries sustained by plaintiff when she fell over a stake placed by the Bowling Corporation on an unimproved portion of the Village's right of way for Lynn Haven Lane, a public street in the village.

The trial court sustained the Village's motion to dismiss plaintiff's petition for failure to state a cause of action against it and sustained the Bowling Corporation's motion for summary judgment upon the ground that plaintiff's injuries were sustained in the course of her employment with the Bowling Corporation and that her exclusive remedy was under the Missouri Workmen's Compensation statutes. Plaintiff duly appealed both rulings to this court.

The undisputed facts developed in the summary judgment proceedings are as follows: The Bowling Corporation operated a bowling alley in a large building centered on the north side of Lynn Haven Lane, with large parking areas on both the east and west sides of the building for the use of its patrons. The street right of way is 50 feet wide with a 32-foot paved section in the center, leaving some nine feet of unimproved easement along its north side adjacent to the bowling alley property. A 6-foot sidewalk extended along the street pavement on the right of way easement from the west parking area to a point west of the center of the building, where it made a right angle turn north into the west front door of the building. A similar walk led from the east parking lot to the east front door of the building. The two sidewalks were not connected with each other, and the area between them (which extended from the paved portion of the street north across the unimproved right of way to the building) was a sodded area, around which the Bowling Corporation had placed a wire on wooden stakes about 12 inches high, next to the sidewalk, to protect the grass on both the Bowling Corporation's property and the unimproved portion of the street right of way.

Plaintiff, who was employed by the Bowling Corporation in the snack bar, got off work about midnight and went out the west door and walked south on the sidewalk toward the street, intending to continue south across the street. She tripped over one of the stakes which had been placed beside the walk on the unimproved right of way adjacent to the paved portion of the street, receiving the injuries complained of.

It is conceded that plaintiff, as an employee of the Bowling Corporation, comes within the purview of the Workmen's Compensation Act, Section 287.120 RSMo 1959, V.A.M.S., for accidental injury arising out of and in the course of her employment.

■ Our courts have not endeavored to give an all-embracing definition of the statutory phrase "arising out of and in the course of his employment", but determine each case upon its own particular facts and circumstances. However, there must be some causal connection between the required working conditions and the resulting injury. An injury arises "in the course of his employment" where it occurs while an employee is reasonably fulfilling the duties of his employment or doing something necessarily incidental thereto, and at a place where he may reasonably be. Lunn v. Columbian Steel Tank Co., 364 Mo. 1241, 275 S.W.2d 298; Murphy v. Wells-Lamont-Smith Corp., Mo.App., 155 S.W.2d 284. As stated by this court in Ries v. De Bord Plumbing Co., Mo.App., 186 S.W.2d 488, 1. c. 489:

> "As a general rule, an injury arises out of the employment when there exists between the injury and such employment a causal connection of greater or less tenacity; in other words, when the employment is in some way responsible for the injury. It is on this principle of industrial responsibility that the compensation acts find their theoretical and constitutional basis."

■ Generally, an employee who has finished his work and is injured after he has left his employer's premises is not covered by the Compensation Act, unless there are special circumstances creating a causal connection between his employment and his injury, or where the place of injury is so close to the employer's premises that it might be reasonably considered as a part thereof. Murphy v. Wells-Lamont-Smith Corp., supra; Lunn v. Columbian Steel Tank Co., supra; Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402.

We believe there was such a causal connection between plaintiff's employment and

her injuries as to bring her claim within the Workmen's Compensation Act.

■ The sidewalk plaintiff used began at the west door of the building and ended at the west parking lot. While it did extend along the street for a distance on the right of way, it did not connect with a similar walk extending from the east parking lot to the building's east door. The area between the walks, including the 9-foot right of way adjoining the street pavement, had been appropriated by the Bowling Corporation, which had sodded the area and enclosed it with the stakes and wire for the purpose of preventing people from walking over it. Defendant also had placed flood lights in the area to light up its building. As constructed, the walks were primarily for the use of the Bowling Corporation, its patrons and employees, rather than the general public. In staking off the sodded area the defendant treated it as its own property, and to all outward appearances it was a part of the defendant's premises. The hazard, if any, resulting from the stakes placed along the walk by the defendant, whether on its own property or on the unimproved right of way, was exactly the same, and it would be most incongruous for plaintiff's injuries to be held compensable under the Compensation Act if she fell over a particular stake and noncompensable under the Act if by chance she fell over a similar stake a few feet distant.

■ The Compensation Act embraces all injuries received as a necessary incident to employment, and our courts, in effectuating the purposes of the Act, have agreed that injuries received while leaving the employer's premises after the work is done comes within the coverage where it occurs on the employer's premises, or in an area over which the employer has assumed control. See Murphy v. Wells-Lamont-Smith Corp., supra, where an employee while going to work was struck on the public sidewalk adjacent to the employer's plant by a truck backing over the sidewalk towards the company's shipping yard, the court saying, 155 S.W.2d 1. c. 287:

"When the employee reached that part of the sidewalk used for a drive-in and drive-out by the employer for its own benefit, she was there by virtue of her employment. The use of some mode of ingress and egress to and from her place of work was incidental to her work. It was reasonably necessary for her to use that sidewalk to get to the women's entrance to enter the factory only a short distance away and immediately adjacent to the sidewalk. She was not there for her own pleasure nor upon any independent business of her own, as were members of the general public, if any, who may have been there at that time, but was there actually on the employer's premises as a necessary prelude to engaging in the work she was employed to do."

In Ott v. Consolidated Underwriters, Mo. App., 311 S.W.2d 52, plaintiff, who had just been employed, was injured as she was leaving the employer's premises a few hours before she was to assume her regular duties. In holding that she was covered by the Compensation Act, the court said, 1. c. 56:

"It is well established by judicial decision that an employee who is within the coverage of the Workmen's Compensation Act ordinarily remains under the coverage of that act while leaving the premises of his employer. Under such circumstances the act of leaving the employer's premises after the work is done is considered a risk connected with the employment and is incidental to the employment. Murphy v. Wells-Lamont-Smith Corp., supra; Metting v. Lehr Construction Co., supra; Gardner v. Stout, 342 Mo. 1206, 119 S.W.2d 790." [Metting v. Lehr Construction Co., 225 Mo.App. 1152, 32 S.W.2d 121.]

This rule was applied in the Lunn case where the employee had been requested to help save the employer's property from an impending flood. Lunn left the employer's plant as the flood waters approached and headed towards his car. He was last seen alive one and one-half blocks from the plant, and his body was found in that vicinity after the flood had subsided. The court held his death by drowning was within the Act as a result of the hazard created by the employer by employing him to work in an area in imminent danger of being flooded.

Plaintiff relies on Donzelot v. Park Drug Co., Mo.App., 239 S.W.2d 526, and Anderson v. Pickwick Hotel, Inc., Mo.App., 313 S.W.2d 39. In the former, plaintiff slipped and fell as she stepped from defendant's building onto the public sidewalk, which, along with the other streets and sidewalks, was covered with ice and snow. This condition had prevailed generally throughout the city for several days. In the Anderson case, plaintiff slipped and fell in the vestibule of a bus waiting room under the control of the bus company, nowise connected with the hotel and over which the hotel had no control. In neither case was there any causal connection between the plaintiff's injury and his employment, nor did the employer have any control over the conditions which caused the injury. In the instant case, the Bowling Corporation had appropriated the use of the sidewalk and sodded area for its own convenience and that of its patrons and employees, and it was directly responsible for the condition which caused plaintiff's injury.

Under the facts herein the place where plaintiff was injured, for all practical purposes insofar as she was concerned, was a part of the Bowling Corporation premises and her injury is one arising out of and in the course of her employment within the meaning of the Workmen's Compensation Act. The judgment of the trial court sustaining the motion of the Bowling Corporation for summary judgment without prejudice to plaintiff's right to proceed under the Workmen's Compensation Act was proper.

■ Plaintiff's petition charged the Village with negligence in failing to remove the stake from the right of way without specifying whether it was on the paved or unimproved portion thereof. The court sustained the Village's motion to dismiss March 2, 1960, a few days prior to the effective date of the new Rules of Civil Procedure, V.A.M.R., when the court, in ruling on the motion, was limited to objections appearing on the face of the petition. Section 509.300 RSMo 1959, V.A.M.S.; Pogue v. Smallen, Mo., 285 S.W.2d 915. This ruling was not final but merely interlocutory, since it did not dispose of all the parties, and it did not become a final appealable order until February 3, 1961, when the court entered a summary judgment against the plaintiff and in favor of the co-defendant Bowling Corporation, at which time plaintiff filed her appeal from both rulings. Adams v. Adams, Mo., 294 S.W.2d 18; Bauman v. Conrad, Mo.App., 342 S.W.2d 284; State ex rel. State Highway Comm. v. Hammel, Mo., 290 S.W.2d 113.

In this interim the record shows the parties by stipulation introduced plats and photographs which fix the location of the stake in the sodded area of the right of way easement which was not a part of the traveled portion of the street maintained by the Village. Plaintiff in her written statement, brief and argument on appeal agrees with such location and this court can consider such facts in passing on plaintiff's appeal. In re Kelley's Estate, 213 Mo.App. 492, 255 S.W. 1064; Politte v. Wall, Mo. App., 256 S.W.2d 283.

■ The record is undisputed that the Village of Hazelwood had not exercised any governmental function over the right of way area where plaintiff fell except to acquire the easement. Under the law, a city owns and controls the streets for the

public use and has the primary and non-delegable duty to exercise ordinary care in keeping them in reasonably safe condition for travel. Burgess v. Kansas City, Mo.App., 242 S.W.2d 591; Benton v. St. Louis, 217 Mo. 687, l. c. 700, 118 S.W. 418, l. c. 421.

This duty, however, does not extend to that part of the right of way which has not been improved and which the public has not been invited to use either expressly or by implication. Carruthers v. City of St. Louis, 341 Mo. 1073, 111 S.W. 2d 32; Hauck v. Kansas City Public Service, 239 Mo.App. 1092, 200 S.W.2d 608; Robinson v. Kansas City, 179 Mo.App. 211, 166 S.W. 343.

In the Carruthers case, plaintiff, a passenger in an automobile, was injured when the driver left the designated traveled portion of the street and drove over the curbing into a 20-foot parkway which divided the traffic lanes of the street. The court held the City was not liable, saying (111 S.W.2d l. c. 35):

"A city has the right to designate what part of a street should be paved and traveled, and to build the traveled part of the street around a parkway; and it is not liable for injuries sustained by persons who travel outside of the designated portions. Clinkenbeard v. City of St. Joseph, 321 Mo. 71, 10 S.W.2d 54, 62, 61 A.L.R. 242; Griffin v. Chillicothe, 311 Mo. 648, 279 S.W. 84, 42 A.L.R. 1273."

The rule was applied in Robinson v. Kansas City, supra, where the city graded twenty feet in the center of a dedicated street sixty feet wide, leaving the graded portion some six feet lower than the adjoining right of way. Plaintiff was injured when she fell as she was going down the shoulder of the graded area. In denying recovery the court said, 166 S.W. l. c. 344:

"The city had a right to prepare a way only 20 feet wide in the middle of a dedicated street of 60 feet, without assuming any duty or liability with respect to the portions of the street left in a state of nature. Curran v. St. Joseph, 143 Mo.App. 618, 128 S.W. 203; Conner v. Nevada, 188 Mo. 148, 86 S.W. 256, 107 Am.St.Rep. 314; Downend v. Kansas City, 71 Mo.App. 529; Ely v. St. Louis, 181 Mo. 723, 81 S.W. 168."

Sutton v. Fox Missouri Theatre Co., Mo., 336 S.W.2d 85, and Burgess v. Kansas City, supra, cited by plaintiff, both involve obstructions in areas over which the city had assumed control and are therefore not controlling here. In the Sutton case, plaintiff was injured when she fell over a sign on a busy city sidewalk, and in the Burgess case the city had licensed the operation of a lunch wagon on the parkway between the sidewalk and street for several years prior to the time plaintiff was injured at night by an unlighted bar protruding from the lunch wagon. Having improved and appropriated both areas for public use, the city in each instance was required to exercise ordinary care in keeping them in a reasonably safe condition.

We find the Village had not improved or exercised any control over this portion of the street right of way, and, therefore, had no duty to remove the stake placed there by the Bowling Corporation.

The record discloses that the judgment of the trial court was for the right party, and we find no reversible error in the court's ruling.

For the reasons herein stated, the judgment of the trial court in favor of both defendants is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.

RUDDY, J., not participating.